# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Brooke Cardoza et al., <br><br> Plaintiffs <br><br> v. <br><br> Bloomin' Brands, Inc., et al., <br><br> Defendants | Case No.2:13-cv-01820-JAD-NJK <br><br> **Order Denying Motion to Equitably Toll Statute of Limitations [Doc. 103]** |

This case arises out of alleged violations of the Fair Labor Standards Act ("FLSA") and state laws for failure to pay minimum wage and overtime pay. Plaintiffs allege that defendants paid no wages for unlawfully- required off-the-clock work, did not pay employees for overtime work, and did not pay minimum required wages to many thousands of minimum-wage employees. They bring a collective action under the FLSA and class action claims under various state laws.

Plaintiffs move to equitably toll the statute of limitations under the FLSA for all named and potential opt-in plaintiffs who join this litigation.[1] Defendants oppose the motion arguing that Plaintiffs essentially "seek a tolling order to prevent *future, hypothetical* harm to *non-parties*" and that the motion is "unfounded, premature, and tantamount to an advisory opinion."[2] I find the motion appropriate for disposition without oral argument under Local Rule 78-2 and deny it without prejudice.

---

[1] Doc. 103.

[2] Doc. 107.

**Discussion**

The Ninth Circuit has recognized the doctrine of equitable tolling of an FLSA claim.[3] Equitable tolling "applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant, or when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time."[4] The doctrine applies only in "rare and exceptional circumstances"[5] and should be applied sparingly.[6]

Plaintiffs' request is premature. They have not identified any person who was prevented from asserting a claim because of defendants' wrongful conduct or any extraordinary circumstances beyond any person's control that made it impossible to file a claim timely. As plaintiffs have not demonstrated that any grant—let alone a broad grant—of equitable tolling is warranted at this time, plaintiffs' motion is denied as premature and without prejudice.

**Conclusion**

Accordingly, it is HEREBY ORDERED that Plaintiffs' Motion to Equitably Toll the Statute of Limitations **[Doc. 103] is DENIED** without prejudice.

DATED July 28, 2014.

_____
Jennifer A. Dorsey
United States District Judge

---

[3] *Partlow v. Lewis Orphans' Home, Inc.*, 645 F.2d 757, 760 (9th Cir. 1981), abrogated on other grounds by *Hoffman–La Roche Inc. v. Sperling*, 493 U.S. 165 (1989).

[4] *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999).

[5] *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002).

[6] *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).