THEODORE J. BOUTROUS JR., SBN 132099 (*pro hac vice*)
  tboutrous@gibsondunn.com
CATHERINE A. CONWAY, SBN 98366 (*pro hac vice*)
  cconway@gibsondunn.com
JESSE A. CRIPPS, SBN 222285 (*pro hac vice*)
  jcripps@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

SARAH ZENEWICZ, SBN 258068 (*pro hac vice*)
  szenewicz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 300
San Francisco, CA 94105
Telephone: 415.393.8200
Facsimile: 415.393.8306
(*additional counsel on signature page*)

Attorneys for Defendants
BLOOMIN' BRANDS, INC.; OSI RESTAURANT PARTNERS, LLC; OUTBACK STEAKHOUSE OF FLORIDA, LLC; OS RESTAURANT SERVICES, LLC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BROOKE CARDOZA, CODY C. HANCOCK, MICHAEL YENDES, JEFFERY BROWN, KEVIN CONNELLEY, TREVOR TULLIS, DENISE GOODLIN, JOSEPH VERRENGIA, AMY WOMACK, VALERIE GARDNER, ALEX NESBITT, DANIEL GEIGER, RACHEL TALASKO, and WESLEY MILES, Individually and On Behalf of All Others Similarly Situated,<br><br>                Plaintiffs,<br>   v.<br><br>BLOOMIN' BRANDS, INC.; OSI RESTAURANT PARTNERS, LLC; OUTBACK STEAKHOUSE OF FLORIDA, LLC; OS RESTAURANT SERVICES, LLC, And DOES 5 through 100, Inclusive,<br><br>                Defendants. | CASE NO. 2:13-cv-01820-JAD-(NJK)<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR (1) CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION; (2) APPROVAL OF CLASS NOTICE; (3) APPOINTMENT OF INTERIM CLASS COUNSEL; AND (4) RELATED RELIEF**<br><br>Action Filed: October 4, 2013 |

Gibson, Dunn & Crutcher LLP

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION – CASE NO. 2:13-cv-01820-JAD-(NJK)

## REQUEST FOR JUDICIAL NOTICE

In support of their Opposition to Plaintiffs' Motion for (1) Conditional Certification of Collective Action; (2) Approval of Class Notice; (3) Appointment of Interim Class Counsel; and (4) Related Relief (hereafter "Defendants' Opposition to Plaintiffs' Motion for Conditional Certification of Collective Action") and pursuant to Rule 201 of the Federal Rules of Evidence, Defendants Bloomin' Brands, Inc.; OSI Restaurant Partners, LLC; Outback Steakhouse of Florida, LLC; OS Restaurant Services, LLC (collectively, the "Defendants") respectfully request that this Court take judicial notice of the following websites and public statements contained therein made by Plaintiffs' counsel to advertise this lawsuit:

1. A January 2, 2014, status update on Facebook advertising the filing of the First Amended Complaint, informing the public that the operative complaint now includes state-law class action claims, and encouraging employees to call Plaintiffs' counsel with their wage and hour complaints against Outback Steakhouse. *See* Wolf Rifkin Shapiro Schulman & Rabkin – Las Vegas Office, Wolf Rifkin Shapiro Schulman & Rabkin Files Amended Complaint Against Outback Steakhouse, Adding State-Law Class Action Claims, FACEBOOK (Jan. 2, 2014), https://www.facebook.com/pages/Wolf-Rifkin-Shapiro-Schulman-Rabkin-Las-Vegas-Office/190497391135073?ref=stream (a true and correct copy of which is attached to the supporting Declaration of Jesse A. Cripps);

2. An October 10, 2013 status update on Facebook advertising the filing of the original complaint against the Defendants and directing viewers to the outbacklawsuit.com website by adding a link thereto. *See* Wolf Rifkin Shapiro Schulman & Rabkin – Las Vegas Office, Outback Steakhouse Faces Federal Wage-And-Hour Lawsuit Alleging Failure to Pay Employees, FACEBOOK (Oct. 10, 2013), https://www.facebook.com/pages/Wolf-Rifkin-Shapiro-Schulman-Rabkin-Las-Vegas-Office/190497391135073?ref=stream (a true and correct copy of which is attached to the supporting Declaration of Jesse A. Cripps);

3. A press release from Plaintiffs' counsel informing the public of the filing of this lawsuit against Defendants, directing viewers to the outbacklawsuit.com website and the Plaintiffs' counsel's firm website, and encouraging employees to call Plaintiffs' counsel with their wage

Gibson, Dunn & Crutcher LLP

2

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION – CASE NO. 2:13-CV-01820-JAD-(NJK)

and hour complaints against Outback Steakhouse.  *See* PRNewswire, Outback Steakhouse Faces Federal Wage-And-Hour Lawsuit Alleging Failure To Pay Employees, According To WRSS&R,  (Oct. 10, 2013) , http://www.prnewswire.com/news-releases/outback-steakhouse-faces-federal-wage-and-hour-lawsuit-alleging-failure-to-pay-employees-according-to-wrssr-226767241.html (a true and correct copy of which is attached to the supporting Declaration of Jesse A. Cripps);

4. An article by Plaintiffs' counsel on a web site named outbacklawsuit.com—undoubtedly created specifically for this litigation—describing Plaintiffs' allegations and encouraging viewers to call Plaintiffs' counsel to determine whether they are eligible to join this lawsuit.  *See* Wolf Rifkin Shapiro Shulman & Rabkin LLP, *Outback Steakhouse Faces Federal Wage-And-Hour Lawsuit Alleging Failure to Pay Employees*, www.outbacklawsuit.com (last visited on August 27, 2014) (a true and correct copy of which is attached to the supporting Declaration of Jesse A. Cripps);[1]

5. An news article in which Plaintiffs' counsel Bradley Schrager, on or around October 7, 2013, in a publicly-reported interview with Sunbelt Food Service admitted that the allegations in this case about "Outback Time" are not based on any written policy:  "'Outback Time' is probably a practice that is left unspoken" and "I don't think (Outback Time is) the sort of thing you necessarily put on an employee handbook."  *See* Heather Blount, *Lawsuit Calls Outback Labor Policies 'Just Wrong'*, SUNBELT FS (Oct. 7, 2013) http://www.sunbeltfoodservice.com/2013/10/07/lawsuit-calls-outback-labor-policies-just-wrong/ (a true and correct copy of which is attached to the supporting Declaration of Jesse A. Cripps).

---

[1] As Defendants previously informed the Court, Plaintiffs removed a series of misleading statements from their website after these statements were brought to Plaintiffs' attention on February 20, 2014.  *See* ECF No. 100 at 5; *see also* ECF No. 100-2.

3

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION – CASE NO. 2:13-CV-01820-JAD-(NJK)

Gibson, Dunn & Crutcher LLP

The relevancy of the first four statements and/or websites is discussed in Defendants' Opposition to Plaintiffs' Motion for Conditional Certification of Collective Action, Summary of Relevant Facts, section "I. The Conflicting Declarations of Sara Post."

The statements described in item number 5 above are directly relevant to Defendants' Opposition to Plaintiffs' Motion for Conditional Certification of Collective Action, and underscores the fact that Plaintiffs do not purport to rely on any written corporate policy or directive. By holding out Plaintiffs' claims as based on "unspoken" practices, it is clear that Plaintiffs have not and cannot plausibly show that all restaurant managers and decision-makers were uniformly and systematically operating under the same written policy.

The websites and the statements contained therein that are the subject of this request for judicial notice satisfy the criteria set out for judicial notice pursuant to Federal Rule of Evidence 201(b)(2). The court may take judicial notice of the undisputed statements made by Plaintiffs' counsel on these websites because they are being introduced to show the information Plaintiffs' counsel put into the public realm, rather than for the underlying truth of that information. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) ("[c]ourts may take judicial notice of publications introduced to 'indicate what was in the public realm at the time, not whether the contents of those articles were in fact true'") (citation omitted). *See also Matthews v. Nat'l Football League Mgmt. Council*, 688 F.3d 1107, 1113 (9th Cir. 2012) (taking judicial notice of statistics available on the NFL's website); *O'Toole v. Nothrop Grumman*, 499 F.3d 1218, 1225 (10th Cir. 2007) ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web"); *U.S. v. Kane*, No. 2:13-CR-250-JAD-VCF, 2013 WL 5797619, at *11 (D. Nev. Oct. 28, 2013) (taking judicial notice of the fact that defendant held itself out as a particular organization on its website). These websites are reliable because they were created and maintained by Plaintiffs' counsel themselves, who cannot reasonably deny information that they have posted on their own websites. A court shall "take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

For the foregoing reasons, Defendants respectfully request that, when considering their Opposition to Plaintiffs' Motion for Conditional Certification of Collective Action, this Court take

Gibson, Dunn & Crutcher LLP

4

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION – CASE NO. 2:13-cv-01820-JAD-(NJK)

judicial notice of the public statements Plaintiffs' counsel made in the websites referenced herein and attached hereto.

Dated:  August 29, 2014

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By:      /s/ Jesse A. Cripps
               Jesse A. Cripps

JOHN H. COTTON, SBN 5268
  jhcotton@jhcottonlaw.com
JOHN H. COTTON & ASSOCIATES, LTD.
7900 W. Sahara, Suite 200
Las Vegas, NV 89117
Telephone:    702.832.5909
Facsimile:    702.832.5910

F. THOMAS EDWARDS, SBN 9549
  tedwards@nevadafirm.com
HOLLEY, DRIGGS, WALCH, PUZEY & THOMPSON
400 South 4th, Third Floor
Las Vegas, NV 89101
Telephone:    702.791.0308
Facsimile:    702.791.1912

Attorneys for Bloomin' Brands, Inc.; OSI Restaurant Partners, LLC; Outback Steakhouse of Florida, LLC; OS Restaurant Services, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of August, 2014, a true and correct copy of

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR (1) CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION; (2) APPROVAL OF CLASS NOTICE; (3) APPOINTMENT OF INTERIM CLASS COUNSEL; AND (4) RELATED RELIEF**

was served via United States District Court CM/ECF system on all parties or persons requiring notice.

By: _____
Daisy Sanchez, an Employee of
GIBSON, DUNN & CRUTCHER LLP

6

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION – CASE NO. 2:13-CV-01820-JAD-(NJK)