THEODORE J. BOUTROUS JR., SBN 132099 (*pro hac vice*)
  tboutrous@gibsondunn.com
CATHERINE A. CONWAY, SBN 98366 (*pro hac vice*)
  cconway@gibsondunn.com
JESSE A. CRIPPS, SBN 222285 (*pro hac vice*)
  jcripps@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

SARAH ZENEWICZ, SBN 258068 (*pro hac vice*)
  szenewicz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 300
San Francisco, CA 94105
Telephone: 415.393.8200
Facsimile: 415.393.8306
(*additional counsel on signature page*)

Attorneys for Defendants
BLOOMIN' BRANDS, INC.; OSI RESTAURANT PARTNERS, LLC; OUTBACK STEAKHOUSE OF FLORIDA, LLC; OS RESTAURANT SERVICES, LLC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BROOKE CARDOZA, CODY C. HANCOCK, MICHAEL YENDES, JEFFERY BROWN, KEVIN CONNELLEY, TREVOR TULLIS, DENISE GOODLIN, JOSEPH VERRENGIA, AMY WOMACK, VALERIE GARDNER, ALEX NESBITT, DANIEL GEIGER, RACHEL TALASKO, and WESLEY MILES, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>BLOOMIN' BRANDS, INC.; OSI RESTAURANT PARTNERS, LLC; OUTBACK STEAKHOUSE OF FLORIDA, LLC; OS RESTAURANT SERVICES, LLC, And DOES 5 through 100, Inclusive,<br><br>Defendants. | CASE NO. 2:13-cv-01820-JAD-(NJK)<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' PROPOSED NOTICE AND CONSENT FORM**<br><br>Action Filed: October 4, 2013 |

## INTRODUCTION

Defendants Bloomin' Brands, Inc; OSI Restaurant Partners, LLC; and OS Restaurant Services, LLC (collectively, "Defendants") hereby object to the Plaintiffs' proposed "Court-Authorized Notice of Your Right to Join Lawsuit for Recovery of Unpaid Wages" (the "Proposed Notice") and Consent to Join Suit (ECF No. 38-1) and to Plaintiffs' proposed "short-form" notice (ECF No. 38-2).

Defendants object to any notice to putative class members on the grounds stated in Defendants' Opposition to Plaintiffs' Motion for Conditional Certification. The Court need only consider Defendants' objections if the Court decides to "facilitate notice to potential plaintiffs." *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989). If the Court does elect to facilitate notice, it must ensure that the notice is an "accurate and timely notice concerning the pendency of the collection action, so that [potential opt-in plaintiffs] can make informed decisions about whether to participate." *Id.* at 170. Defendants request that the Court direct the parties to meet and confer regarding the contents of any notice as well as the process for distributing the same to ensure that any notice, and distribution process, would be fair and accurate, and would not prejudice any party's rights.

## SPECIFIC OBJECTIONS TO THE PROPOSED NOTICE

**Objection No. 1:  Title**

The title "Court-Authorized Notice of Your Right to Join Lawsuit for Recovery of Unpaid Wages" should be changed to "Notice of Your Right to Join Lawsuit Seeking Unpaid Wages." The use of "Court-Authorized" is objectionable because it may be perceived as a judicial endorsement of the action and the term should therefore be removed. *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989) ("[I]n exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality. To that end, trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action."). Defendants further object to the title to the extent that it implies that unpaid wages are owed to any putative collective action member at this time; rather the title should state that it is a lawsuit *seeking* unpaid wages.

**Objection No. 2:  Cover Page Statement on Merits**

Defendants object to the cover page to the extent that it fails to inform recipients that the Court has not taken a position in this case. *Hoffman v. Securitas Sec. Servs.*, 2008 WL 5054684, at *15 (D. Idaho Aug. 27, 2008) ("Defendant claims that the one sentence within the notice stating that the Court does not have an opinion as to the merits of the lawsuit is insufficient to convey the Court's neutrality . . . . The Court is inclined to agree with Defendant's first objection . . . ."); *Adams v. Inter–Con Sec. Sys. Inc.*, 242 F.R.D. 530, 540 (N.D. Cal. 2007) ("[N]otices typically contain a court caption[,] and the bolded statement of neutrality below the caption should make the court's position clear to potential plaintiffs."). Defendants propose that the first page should include the following statement: "**The Court has taken no position in this case regarding the merits of Plaintiff's claims or Defendant's defenses.  Therefore, this Notice is not an expression by the Court of any opinion as to the merits, if any, of the lawsuit.**" Plaintiffs' counsel has previously been instructed to include such statements on the first page of a notice. *Flores v. Velocity Express, Inc.*, 2013 U.S. Dist. LEXIS 77821, at *27-28 (N.D. Cal. June 3, 2013) (ordering plaintiffs represented by Johnson Becker and Sommers Schwartz to include a notice in bold, on the first page "Please note that the Court has not ruled on the merits of the lawsuit.  The Court has only ruled that it is important that you be notified of the existence of the lawsuit so that you can determine whether you wish to join it").

**Objection No. 3:  Use of Case Caption**

Defendants object to the Proposed Notice to the extent that it incorporates the case caption and the Court's name because it creates the appearance of judicial endorsement of the merits of the action. *Hoffman-La Roche Inc.*, 493 U.S. at 174. Defendants propose that instead of using the case caption, the notice be published on Plaintiffs' counsel's law firm letterhead. *Small v. Univ. Med. Center of Southern Nevada*, 2013 WL 3043454, at *3 (D. Nev. June 14, 2013) ("To effect this goal [of avoiding even the appearance of judicial endorsement of the merits of the action"], courts have ordered the notice published on law firm letterhead instead of under the court's name and caption.").

**Objections Nos. 4 and 5:  Scope of Proposed Collective Action and Distribution**

Defendants object to the proposed distribution to "All current and former hourly employees of Outback Steakhouse over the past three (3) years" on the ground that the distribution is overbroad.

Plaintiffs have expressly limited this case to hourly employees in the United States and excluded any franchise locations: "The Outback Restaurants that are the subject of this suit are those corporately-owned by Bloomin' Brands and its subsidiaries, and are neither franchises nor owned and operated by franchisees."  FAC ¶ 25.

For the same reason, Defendants object to Plaintiffs' section entitled "Who Can Participate in the Lawsuit" because it fails to exclude employees of franchise locations.  Defendants further object to the statement in the same section that "The United States District [sic] for the District of Nevada has approved this Notice be distributed to" as misleading because it could potentially be perceived as a judicial endorsement of the case.  *Hoffman-La Roche Inc.*, 493 U.S. at 174.

**Objection No. 6:  Confusing References to Defendants**

Plaintiffs have collectively referred to the three defendants that comprise the Bloomin' Defendants as "Outback" throughout the notice.  Because Plaintiffs have named three separate legal entities as defendants in this case, none of which is known as "Outback," Defendants object to the use of the singular term Outback as vague and confusing, including because not every Outback Steakhouse restaurant in the country is included in the proposed collective action pursuant to Plaintiffs' First Amended Complaint ¶ 25 :"The Outback Restaurants that are the subject of this suit are those corporately-owned by Bloomin' Brands and its subsidiaries, and are neither franchises nor owned and operated by franchisees."  Defendants propose that the term "Defendants" be used throughout the notice in lieu of "Outback."

**Objection No. 7:  Defendants' Statement of Position**

Defendants object to the Plaintiffs' characterization of their position, as well as Plaintiffs' placement of this statement within a paragraph otherwise stating the Plaintiffs' position.  Defendants propose that "Outback deny [sic] Plaintiffs' allegations, and deny [sic] that they [sic] are liable for any back pay or liquidated damages" be changed to "Defendants deny that they violated the FLSA and claims that hourly employees of Outback Steakhouse restaurants were paid properly under the FLSA's minimum wage and overtime provisions and other applicable laws.  Defendants are actively defending against Plaintiffs' claims."  Defendants also propose that this statement be in a separate paragraph that does not include any of Plaintiffs' contentions.

**Objection No. 8: "Your Right to Participate in this Lawsuit"**

Defendants object to the section entitled "Your Right to Participate in this Lawsuit" because it is a redundant description of Plaintiffs' claims, omitting any statement regarding Defendants position. Defendants propose that this section be stricken from the Proposed Notice.

**Objection No. 9: Statements Regarding Plaintiffs' Counsels' Fees**

Defendants object to the Proposed Notice to the extent that it includes only superficial information regarding Plaintiffs' counsel's fees other than to state that they are "handing this matter on a contingency fee basis." *Fasanelli v. Heartland Brewery, Inc.*, 516 F.Supp.2d 317, 324 (S.D.N.Y. 2007) ("notice of [fee] agreements should be provided up front" because "the fee structure may impact an opt-in Plaintiff's recovery, if any."); *see also Lineras v. Inspiration Plumbing LLC*, 2010 WL 4623940, at *2 (E.D. Va. Nov. 3, 2010) ("This Court sees no reason why the contingency fee percentage should not be disclosed, as that percentage will better inform potential plaintiffs in their choice of whether to opt-in. The contingency fee percentage should therefore be added to the notice."). Defendants propose that Plaintiffs' counsel's requested fee arrangement should be fully disclosed in the text of the Proposed Notice.

**Objection No. 10: Potential Liability for Defendants' Costs**

Defendants object to the "Legal Effect" section to the extent that it does not include a statement regarding an opt-in's potential liability for Defendants' costs if they prevail. *Hoffman*, 2008 WL 5054684, at *15 ("Defendant points out that the Consequences of Joining This Lawsuit' section of the notice should inform potential plaintiffs that they may share in liability for payment of costs if Defendant prevails in this action. Plaintiffs agree . . . and so does this Court.") (citing *Adams*, 242 F.R.D. at 540 ("This information [cost sharing] should be included to present to potential plaintiffs a fair statement of their rights.") (citation and additional quotation marks omitted).

**Objection No. 11: Proposed Ninety-Day Notice Period**

Defendants object to the proposed length of the notice period at ninety days. The district's precedent is for sixty-day opt-in periods. *McDonagh v. Harrah's Las Vegas, Inc.*, 2014 WL 2742874, at 7 (D. Nev. June 17, 2014) (citing *Williams v. Trendwest Resorts, Inc.*, 2006 WL 3690686, at *2 (D. Nev. 2006)). Defendants further object to the notice period to the extent that it is

measured from when Plaintiffs' counsel mails notice, which could confuse proposed class members, make it difficult to measure if an opt-in was timely and create different deadlines were mailing does not occur on the same day for the entire class.  The sixty-day opt-in period should begin running upon approval by the Court of a mutually-acceptable form of notice.  *Id*.

**Objection No. 12:  Pay and Hour Records**

Defendants object to the statement that "Upon request, Outback will provide you with your log-in and password information for the web portal where you can access and review your wage and hour records" as completely without context or any basis in law for any requirement that Defendants must provide access to wage and hour records via "web portal" or provide any records in connection with this action in excess of the Federal Rules of Civil Procedure.  Plaintiffs propose, without citing any legal authority (and without even addressing it in their Motion for Conditional Certification argument), to burden Defendants with a time and cost intensive requirement of creating a "web portal" specifically to provide pay and hour records (with not limit in scope) for tens of thousands of current and former employees, regardless of whether they join this lawsuit.  To the extent that any current or former employee chooses to opt-in to this lawsuit, their attorneys may request time and pay records under the Federal Rules of Civil Procedure.  Defendants propose that this section be stricken in its entirety.

**Objection No. 13:  Further Information**

Defendants object to the further information section to the extent that it omits Defendants' counsel's contact information.  *Guzman v. VLM, Inc.*, 2007 WL 2994278, at *8 (E.D.N.Y. Oct. 11 2007) ("I find that it would be appropriate to notify potential class members that they can seek further information about the case, and to include the contact information of defense attorneys."); *Anderson v. Ziprealty, Inc.*, 2013 WL 1882370, at *4 (D. Ariz. May 3, 2013) (stating that "as to Defendant's request that prospective plaintiffs be given the contact information for defense counsel, this is routinely accepted and Plaintiffs are ordered to make this change" to the notice).  Defendants propose that their counsel's contact information be included in any Proposed Notice.

**SPECIFIC OBJECTIONS TO THE CONSENT TO JOIN SUIT**

**Objection No. 14: Consent to the Lawsuit is Vague**

Defendants object to paragraph 1 of the Consent to Join Suit as vague because it merely refers to the FLSA and consents to join the lawsuit without making any statement regarding what claims the current or former employee is consenting to bring. Defendants further object on the grounds that the consent to sue fails to require the opt-in plaintiff to confirm his or her understanding of the lawsuit. Accordingly, Defendants propose that paragraph 1 of the Consent to Join Suit state as follows:

> I hereby consent to be a plaintiff and sue defendants Bloomin' Brands, Inc; OSI Restaurant Partners, LLC; and OS Restaurant Services, LLC ("Defendants") for violations of the Fair Labor Standards Act's (FLSA) minimum wage and overtime provisions. I understand that the claims were brought in this case under the FLSA and concern Defendants' alleged failure to pay current and former employees of Outback Steakhouse restaurants minimum wage and overtime wages.

**Objection No. 15: Agreement to Be Represented is Vague**

Defendants object to paragraph 3 of the Consent to Join Suit as vague because it does not fully explain the extent to which any potential opt-in plaintiff is agreeing to representation by Plaintiffs' counsel, including potential fees. Plaintiffs have included fee information on another page, which may be confusing for potential opt-in plaintiffs. Accordingly, Defendants propose that paragraph 3 of the Consent to Join Suit state as follows:

> I hereby designate Wolf Rifkin Shapiro Schulman & Rabkin, LLP, Johnson Becker, PLLC, and Sommers Schwartz, P.C., ("Counsel") to represent me in my claims against Defendants for violation of the FLSA's minimum wage and overtime provisions. I further authorize and designate Counsel to make decisions on my behalf concerning the FLSA litigation, the method and manner of conducting this FLSA litigation, including the settlement thereof, the entering of an agreement with Defendants' counsel regarding attorneys' fees and costs, and all other matters pending or pertaining to this lawsuit. By signing and returning this consent to sue, I understand that I will not be responsible for any prepayment of legal fees or costs in this case. I agree that Counsel shall be entitled to a fee of one third (thirty-three and a third percent (33 1/3%) of all sums recovered by way of settlement, arbitration award, or trial or forty percent (40%) of all sums recovered through post-trial, post-trial motions and appeals before the deduction of any payments for costs, but also understand that Defendants have reserved their right to challenge the award of any fees and costs in this case. I further understand that costs expended by my attorneys on my behalf will be deducted pro rata from my settlement or judgment.

Gibson, Dunn & Crutcher LLP

7

DEFENDANTS' OBJECTIONS TO PLAINTIFFS' PROPOSED NOTICE AND CONSENT FORM –
CASE NO. 2:13-CV-01820-JAD-(NJK)

# SPECIFIC OBJECTIONS TO SHORT-FORM NOTICE

**Objection No. 16:  Short-Form Notice**

Defendants object to the issuance of a second notice to current and former employees in general because Plaintiffs have cited no authority that allows for such "short-form notices." Defendants further object to the "short-from" notice on the grounds that its abbreviated format fails to fully notify potential opt-in Plaintiffs.  A single "long form" notice should be sufficient.  *Hoffman-La Roche Inc.*, 493 U.S. at 170 (holding that where a Court elects to facilitate notice, it must ensure that the notice is an "accurate and timely notice concerning the pendency of the collection action, so that [potential opt-in plaintiffs] can make informed decisions about whether to participate").

**Objection No. 16:  Title**

The title "Court-Authorized Notice of Wage and Hour Lawsuit" should be changed to "Notice of Your Right to Join Lawsuit Seeking Unpaid Wages."  The use of "Court-Authorized" is objectionable because it may be perceived as a judicial endorsement of the action and the term should therefore be removed.  *Id*. at 174 ("[I]n exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality.  To that end, trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action."). Defendants further object to "Wage and Hour Lawsuit" because it is vague and potentially confusing for potential opt-in plaintiffs as to the claim at issue.  Defendants further object to Plaintiffs' proposal to use different titles on their two proposed notices.

**Objection No. 17:  Description of the Case**

Defendants object to the description of the lawsuit as "against Outback Steakhouse" because it is inaccurate.  The lawsuit is against Defendants Bloomin' Brands, Inc; OSI Restaurant Partners, LLC; and OS Restaurant Services, LLC.  Defendants further object to the description of the case to the extent that it is not limited to a description of their claims under the FLSA:  failure to pay minimum wage and failure to pay overtime wages.

Defendants further object to the description of the case to the extent that it claims that the Court conditional certified "a collective action on behalf of all current and former hourly employees over the last three years."  Plaintiffs have expressly limited this case to hourly employees in the

1  United States and excluded any franchise locations: "The Outback Restaurants that are the subject of
2  this suit are those corporately-owned by Bloomin' Brands and its subsidiaries, and are neither
3  franchises nor owned and operated by franchisees." Defendants propose that the term "Defendants."
4  FAC ¶ 25.
5  Defendants further object to the description of the case to the extent that it omits Defendants'
6  position. Any case description should include the following, stated separately from Plaintiffs'
7  position: "Defendants deny that they violated the FLSA and claims that hourly employees of
8  Outback Steakhouse restaurants were paid properly under the FLSA's minimum wage and overtime
9  provisions and other applicable laws. Defendants are actively defending against Plaintiffs' claims."

**Objection No. 18:  Options in the Lawsuit**

Defendants object to the table purporting to instruct potential opt-ins on their Legal Rights and Options in this Lawsuit" because it is a superficial statement that fails to give potential opt-in plaintiffs a fair and accurate understanding of their rights. For example, the table omits that by opting in to the lawsuit, opt-in plaintiffs could be liable for Defendants' costs if Defendants prevail. *Hoffman*, 2008 WL 5054684, at *15. As further example, the table omits any information regarding Plaintiffs' counsels' fees. *Fasanelli*, 516 F.Supp.2d at 324.

**Objection No. 19:  Plaintiffs' Counsels' Contact Information**

Defendants object to the short-form notice to the extent that it only includes contact information for Plaintiffs' counsel. Defendants' counsels' contact information should also be made available so that potential opt-ins may exercise the option to contact either side in the case. *Guzman v. VLM, Inc.*, 2007 WL 2994278, at *8.

## SPECIFIC OBJECTIONS TO PROPOSED NOTICE PROCESS

**Objection No. 20:  Posting of Notice in Restaurants**

Defendants object to Plaintiffs' proposal that notices be posted in Defendants' restaurants on the grounds that notices mailed via First Class Mail are sufficient to put putative opt-in plaintiffs on notice of this action. *Phelps v. MC Communs., Inc.*, 2011 U.S. Dist. LEXIS 84428, at *17 (D. Nev. Aug. 1, 2011) ("The Court will not require Defendants to post the notice in the workplace, as there is no indication that service by first class mail will be ineffective or inadequate."); *Gonzalez v.*

*Scalinatella, Inc.*, 2013 U.S. Dist. LEXIS 168540, at *13 (S.D.N.Y. Nov. 25, 2013) ("First Class Mail is sufficient to provide potential class members with notice in this case."); *Capsolas v. Pasta Resources, Inc.*, 2011 U.S. Dist. LEXIS 49926, at *15 (S.D.N.Y. May 9, 2011) (denying request for notice to be posted in restaurant on the grounds that it was duplicative, even where plaintiffs had alleged retaliation); *Aponte v. Comprehensive Health Mgmt.*, 2011 U.S. Dist. LEXIS 60882, at *22 (S.D.N.Y. June 2, 2011) ("First Class mail is sufficient to provide potential class members with notice in this case.  The notices need not additionally be posted in all the defendant's offices.").

**Objection No. 21:  Distribution of Notice via Email**

Defendants object to the Plaintiffs' proposal that notices be sent to putative opt-in plaintiffs via email on the grounds distribution via First Class Mail is sufficient to put putative class members on notice of this action.  *Cf. Scalinatella, Inc.*, 2013 U.S. Dist. LEXIS 168540, at *13.  Defendants further object on the grounds that Plaintiffs' request is based on the assumption that Defendants collect and have current email addresses for a sweeping nationwide class of hourly restaurant employees such as servers, bartenders and line cooks.  *Cf. Lewis v. Wells Fargo & Co.*, 669 F. Supp. 2d 1124, 1128-29 (N.D. Cal. Oct. 26, 2009) ("The potential class members, technical support workers, are likely to be particularly comfortable communicating by email and thus this form of communication[.]").  Defendants further object to the distribution of a notice by email "because of the potential for recipients to modify and re-distribute email messages." *Espenscheid v. DirectSat USA, LLC*, 2010 U.S. Dist. LEXIS 55578 at *41 (W.D. Wis. June 7, 2010) ("Plaintiffs have provided no reason why [email notice] is necessary in this case."); *Karvaly v. eBay, Inc.*, 245 F.R.D. 71, 91 (E.D.N.Y. 2007) ("Historically, first class mailing has been utilized because it provides a controlled method by which individual notification can be provided through a reliable process which ensures that proper notice is received by the potential class members.") (quoting *Reab v. Electronic Arts, Inc.*, 214 F.R.D. 623, 630 (D. Colo. 2002)).

**Objection No. 22:  Cost of Notice**

Defendants object to any request by Plaintiffs for Defendants to bear any cost of notice. Plaintiffs should be required to bear all costs for providing notice because "[t]he usual rule is that a plaintiff must initially bear the cost of notice to the class." *Eisen v. Carlisle and Jacquelin*, 417 U.S.

1    156, 178 (1974); *see also Davis v. Westgate Planet Hollywood Las Vegas, LLC*, 2009 U.S. Dist.

2    LEXIS 5941, at *42 (D. Nev. Jan. 12, 2009) ("Plaintiffs will bear the cost for providing notice.");

3    *Daniels v. Aeropostale West, Inc.*, 2013 U.S. Dist. LEXIS 59514, at *15 (N.D. Cal. Apr. 24, 2013)

4    ("Plaintiff shall bear the full cost of the notice and use the contact information solely to send out the

5    notice."); *Eldred v. Comforce Corp.*, 2010 U.S. Dist. LEXIS 18260, at *57 (N.D.N.Y. March 2,

6    2010) ("Plaintiffs will bear the cost of notice.").

7    **Objection No. 23:  Contact Information for Putative Class Members**

8    The Supreme Court has authorized "the discovery of the names of addresses" of employees to

9    send notices. *Hoffman-La Roche*, 493 U.S. at 170.  Plaintiffs request much more information than is

10   necessary to mail class notices:  "full name and last known address, date of birth, last four digits of

11   Social Security [sic], email addresses [sic], telephone numbers [sic], and dates and location(s) of

12   employment."  Motion at 10.  Plaintiffs provide no justification for why such information is

13   necessary.  Defendants object to the production of any information beyond names and last known

14   addresses of the potential class members on the grounds that such information is sufficient for

15   Plaintiffs to distribute notice. *Aeropostale West, Inc.*, 2013 U.S. Dist. LEXIS 59514, at *15

16   ("Employee e-mail addresses and telephone numbers are unnecessary for first-class mail delivery.");

17   *Humphries v. Stream Int'l, Inc.*, 2004 U.S. Dist. LEXIS 20468, at *12 (N.D. Tex. Feb. 13, 2004)

18   (declining to order defendants to produce the last four digits of class members' Social Security

19   numbers because "[t]his highly personal information about persons who may in fact have no interest

20   in this litigation should not be disclosed on the thin basis that [plaintiff's] counsel desires it.").

21   Defendants further request that this Court issue an order limiting Plaintiffs to use the contact

22   information solely for the purposes of sending out notice. *Id*. (ordering Plaintiffs to "use the contact

23   information solely to send out the notice.  If a class member contacts counsel, then counsel may

24   follow up").  Defendants further object to the production of contact information requested by

25   Plaintiffs to the extent that it is confidential and private information that should only be produced

26   under a protective order.

27

28

**Objection No. 24: Reminder Postcard**

Defendants object to a reminder postcard on the ground that notice via First Class Mail is sufficient to inform the class of their rights to join this lawsuit. Defendants further object on the ground that Plaintiffs have failed to submit the proposed postcard for review by the Court and by Defendants.

**Objection No. 25: E-Signatures**

Defendants object to Plaintiffs' request to use electronic signatures because Plaintiffs have given no reason as to why signatures returned via U.S. Mail would be inadequate. Moreover, the request should be rejected because Plaintiffs, who merely ask for "use of an electronic signature process," have failed to provide any information by which the Court or Defendants could evaluate the proposal, including any details on a procedure that will ensure the legitimacy of the signature, the identity of the sender or for the collection and preservation of original signed documents. *See, e.g.*, *White v. Integrated Elec. Techs., Inc.*, 2013 U.S. Dist. LEXIS 83298, at *35-36 (E.D. La. June 13, 2013) ("[Electronic signature service] will allow class members to sign their consent forms electronically by clicking on a link in an encrypted e-mail designated only for that user, which in turn directs the user's web browser to a website where the user can review the document to be signed, clock the box indicating he has read and understood the form, and insert his name and address."); *Bland v. Calfrac Well Servs. Corp.*, 2013 U.S. Dist. LEXIS 113094, at *3 (W.D. Pa. Aug. 12, 2013) (granting request for use of "electronic signature[s] through Adobe's EchoSign software program").

Dated: August 29, 2014

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By:   */s/ Jesse A. Cripps*
            Jesse A. Cripps

JOHN H. COTTON, SBN 5268
  jhcotton@jhcottonlaw.com
JOHN COTTON & ASSOCIATES, LTD.
7900 W. Sahara, Suite 200
Las Vegas, NV 89117
Telephone:   702.832.5909
Facsimile:   702.832.5910

1
2    F. THOMAS EDWARDS, SBN 9549
       tedwards@nevadafirm.com
3    COTTON, DRIGGS, WALCH, PUZEY &
     THOMPSON
4    400 South 4th, Third Floor
     Las Vegas, NV 89101
5    Telephone:   702.791.0308
     Facsimile:    702.791.1912
6
7    Attorneys for Bloomin' Brands, Inc.; OSI Restaurant
     Partners, LLC; Outback Steakhouse of Florida, LLC;
8    OS Restaurant Services, LLC

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Gibson, Dunn &
Crutcher LLP

13
DEFENDANTS' OBJECTIONS TO PLAINTIFFS' PROPOSED NOTICE AND CONSENT FORM –
CASE NO. 2:13-CV-01820-JAD-(NJK)

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of August, 2014, a true and correct copy of **DEFENDANTS' OBJECTIONS TO PLAINTIFFS' PROPOSED NOTICE AND CONSENT FORM** was served via United States District Court CM/ECF system on all parties or persons requiring notice.

By: _____
Daisy Sanchez, an Employee of
GIBSON, DUNN & CRUTCHER LLP