**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Brooke Cardoza et al.,

    Plaintiffs

v.

Bloomin' Brands, Inc., et al.,

    Defendants

Case No.: 2:13-cv-01820-JAD-NJK

**Order**
[167, 169, 187]

    On October 24, 2014, I conditionally certified this multi-state class action by Outback Steakhouse Restaurant employees who allege their employer refused to pay wages for required off-the-clock work, overtime, and minimum required wages to many thousands of minimum-wage employees, violating the Fair Labor Standards Act (FLSA) and various state employment laws.[1] In the conditional certification order, I also approved the form of the notice and consent-to-join form and gave defendants 60 days to provide plaintiffs' counsel with all names and addresses of the putative class members.[2]

    Just before those 60 days ran, defendants filed a motion seeking a Rule 12(c) judgment on the pleadings or, alternatively, reconsideration of my July 2014 denial of their motion to dismiss.[3] They also ask me to decertify the class and asked to stay the class-notice process while I considered this new motion.[4] The premise of this multi-part motion is that the Ninth Circuit's November 12, 2014, opinion in *Landers v. Quality Communications, Inc.*, adopted a new standard for "the degree of specificity required to state a claim for failure to pay minimum wages or overtime wages under the FLSA" post-*Twombly* and *Iqbal*.[5] Based on this representation, I granted the stay and scheduled the

---

[1] Doc. 151.

[2] *Id.*

[3] Doc. 167.

[4] Docs. 168-69.

[5] *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 640 (9th Cir. 2014).

balance of the motion for oral argument on February 9, 2015.[6] Defendants also move to supplement their motion with an amended version of *Landers* and an alphabet of exhibits.[7]

Having reviewed the parties full briefs, the record, and *Landers*, I find that *Landers* changes nothing because it merely adopts the standard articulated by the Second Circuit in *Lundy v. Catholic Health System of Long Island*[8]—the standard I already applied in denying defendants' motion to dismiss.[9] I find these motions appropriate for disposition without oral argument, and I vacate the February 9, 2014, hearing.[10] I grant the request for supplementation in part and deny the 12(c) motion and request for decertification.

## Discussion

### I. Pending Matters in the Outback Defendants' Omnibus Motion and Supplement

The Outback defendants' motion for judgment on the pleadings is brought, in the alternative, as a motion for reconsideration.[11] I therefore consider their motion under each of these standards.

#### A. Defendants' Rule 12(c) Motion for Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c) provides that "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." When a Rule 12(c) motion challenges a complaint for failure to state a claim, as this one does, "a motion for judgment on the pleadings faces the same test as a motion under Rule 12(b)(6)."[12] Dismissal may be granted

---

[6] *See* Doc. 151 (Oct. 24, 2014, order granting conditional certification of collective action); *see also* Docs. 167–69 (Dec. 12, 2014, omnibus motion for judgment, stay, and decertification).

[7] Docs. 187, 187-1.

[8] 711 F.3d 106 (2d Cir. 2013).

[9] Doc. 123 at 10.

[10] L.R. 78-2.

[11] *See* Doc. 167 at 1–2, 2 n.2, 13 n.8 (defendants' footnotes requesting reconsideration); *cf.* Doc. 182 at 10 n.5 (plaintiffs' footnote requesting leave to amend if their pleadings are found insufficient). Both parties are encouraged to place substantive requests in the bodies of their motions.

[12] *King v. Garfield Cnty. Pub. Hosp. Dist. No. 1*, 2014 WL 1404576 at *3 (E.D. Wash. Apr. 10, 2014) (citing *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988)).

"only if it is clear" that no set of facts consistent with the allegations could support relief.[13]

A motion to dismiss is converted into a motion for summary judgment when the court relies on materials outside the pleadings.[14] District courts have discretion to exclude outside matters to avoid converting a motion to dismiss into one for summary judgment.[15]

### 1. The *Landers* workweek

The Outback defendants' motion focuses on the Ninth Circuit's recent opinion in *Landers v. Quality Communications*, which was issued in November 2014, just one month after I granted conditional certification in this case.[16] Circuit Judge Rawlinson writes a straightforward opinion that surveys other circuits' decisions on the sufficiency of FLSA pleadings, including the Second Circuit's recent decision in *Lundy v. Catholic Health System of Long Island*, and effectively adopts the standard presented in *Lundy*.[17] *Landers* holds that "a plaintiff asserting a claim to overtime payments must allege that she worked more than forty hours in a given workweek."[18] Consistent with Rule 8, *Landers* specifically does not require detailed factual pleading; instead, it details multiple ways that plaintiffs can establish a plausible claim, e.g., estimating the length of an average workweek and the pay received in an average workweek; estimating the amount of overtime wages

---

[13] *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988) (citations omitted).

[14] *Keams v. Tempe Technical Inst., Inc.*, 110 F.3d 44, 46 (9th Cir. 1997) (citing *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 582 (9th Cir. 1983)).

[15] *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1207 (9th Cir. 2007) (citing *Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan*, 662 F.2d 641, 645 (9th Cir.1981) ("Federal Rule of Civil Procedure 12(b)(6) specifically gives courts the discretion to accept and consider extrinsic materials offered in connection with these motions, and to convert the motion to one for summary judgment when a party has notice that the district court may look beyond the pleadings.").

[16] *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638 (9th Cir. 2014) (filed Nov. 12, 2014, and amended Jan. 26, 2015); Doc. 151 (order granting conditional certification on October 24, 2014).

[17] *Landers*, 771 F.3d at 642–45 (citing *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106 (2d Cir. 2013)) (citations omitted).

[18] *Id.* at 644–45 (citing *Pruell v. Caritas Christi*, 678 F.3d at 10, 13 (1st Cir. 2012); *Lundy v. Catholic Health Sys. Of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013); *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 242–43 (3d Cir. 2014)).

allegedly owed; and pleading "any other facts that will permit the court to find plausibility."[19] "Mathematical precision" is not demanded.[20] Nor is this a mandate to identify calendar dates.[21] To survive a 12(b)(6) challenge, *Landers* simply requires an FLSA plaintiff to have alleged that actual overtime went unpaid.[22]

The defendants rely on *Landers* and *Lundy* to argue that plaintiffs' FLSA claims are insufficiently pled because no plaintiff alleged that he worked a specific workweek and then went unpaid for that specific workweek and/or was not paid minimum wage.[23] They rely on *Landers* to urge that the plaintiffs' state claims fail to satisfy the *Iqbal* and *Twombly* standards.[24] As the plaintiffs observe, this is not the first time that the Outback defendants have raised the *Lundy* standard. Their motion to dismiss urged that "Plaintiffs never provide the 'degree of specificity' required to make their claims plausible."[25] They contended that, under *Lundy*, plaintiffs failed to allege facts showing "a single workweek in which they worked at least 40 hours and also worked uncompensated time in excess of 40 hours."[26] In addressing this argument, I quoted that exact language and ruled that "Plaintiffs have done so."[27] In my July 30, 2014, order, I explained that the complaint alleges that (1) "[a]t least once during the past three years, [plaintiffs have] worked for

---

[19] *Id.* at 645 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Pruell*, 678 F.3d at 10, 14 (discussing Fed. R. Civ. P. 8).

[20] *Id.* at 656 (quoting *Dejesus v. MF Mgmt. Servs., LLC*, 726 F.3d 85, 90 (2d Cir. 2013)).

[21] *See id.* at 644–46.

[22] *Id.* at 646 (quoting *Dejesus v. MF Mgmt. Servs., LLC*, 726 F.3d 85, 90 (2d Cir. 2013)).

[23] Doc. 167 at 10. The defendants' original motion cited the unamended version of *Landers*, which describes a "specific workweek," while the amended version substitutes the phrase "given workweek." *See* Doc. 187 at 2. In their supplemental brief, the defense argues that this change is not a substantive change because "given workweek" simply adopts the exact language used in *Lundy*. *Id.* I agree; and I believe this only bolsters my rejection of the defendants' sufficiency challenges.

[24] *Id.* at 13–14.

[25] Doc. 41 at 9.

[26] *Id.* at 9, 13 (quoting *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013)) (internal quotation marks omitted).

[27] Doc. 123 at 10.

4

Defendants more than forty (40) hours in a week without receiving premium overtime pay, and thus [have] worked unpaid compensable time" and (2) "[a]t least once during the past three years, [plaintiffs were] paid at the minimum wage rate per hour, and yet had worked unpaid compensable time."[28] I then explicitly enumerated six supporting allegations that made the plaintiffs' claims plausible.[29]

The defendants' arguments in this Rule 12(c) motion, when considered alongside their earlier Rule 12(b)(6) motion, are redundant. The pleadings have not changed; no amendment was filed. Neither has the *Lundy* standard, now adopted in the Ninth Circuit through *Landers*, changed from when I analyzed and applied it in July 2014. For the reasons stated in my July 2014 order and reiterated here, I continue to find these claims sufficiently pled, and I deny the defendants' motion for judgment on the pleadings as to the FLSA claims.

### 2. *Plaintiffs' third, sixth, tenth, and eleventh state-law claims*

The Outback defendants' 12(c) challenge to the plaintiffs' third, sixth, tenth, and eleventh claims—which are pled under Illinois, Maryland, and Ohio law— are also based on the same *Landers*-related arguments.[30] In their motion to dismiss, defendants urged that these claims failed to satisfy *Twombly*'s fair-notice requirement, and I have already ruled that the claims were pled with sufficient specificity.[31] I deny judgment on these claims as well. I will separately consider, however, the defendants' request for judgment on the plaintiffs' fourth and fifth claims for relief.

### 3. *Plaintiffs' fourth claim under the Illinois Minimum Wage Act*

The defendants challenge plaintiffs' fourth claim, which is based on the Illinois Minimum Wage Act (IMWA), on two bases. First, they contend that gap-time compensation claims cannot be brought under the FLSA or IMWA.[32] To support this argument, they cite one unreported decision

---

[28] *Id.* (quoting Doc. 23. at ¶¶ 11–24) (internal quotation marks omitted).

[29] *Id.* (citing Doc. 23 at ¶ 41).

[30] *See* Doc. 167 at 13–14.

[31] *See* Doc. 41 at 1; *see also* Doc. 123 at 11.

[32] Doc. 167 at 14.

5

from the Southern District of Illinois.³³ This case defines gap time as "compensation for hours worked (1) before the employee reaches the forty-hour per week overtime threshold, so it cannot violate overtime compensation laws, and (2) at a rate that averages out to more than the applicable minimum wage, so it cannot violate minimum wage laws."³⁴ It also distinguishes gap-time claims from minimum-wage claims; the latter are actionable under the FLSA and IMWA.³⁵

        The plaintiffs' second amended complaint alleges that the Outback defendants failed to pay "the required minimum wage."³⁶ There is no explanation from the defense why "minimum wage" should be read as "gap time." Given the Supreme Court's admonition to construe pleadings in the light most favorable to the plaintiffs at this nascent stage, I decline to eliminate a claim on this thin argument.

        Second, the defendants argue that the only named Illinois plaintiff has conceded his lack of minimum-wage claims.³⁷ They rely on the plaintiffs' response to their motion for summary judgment.³⁸ That response falls outside the pleadings, and I exercise my discretion not to move outside the pleadings on a Rule 12(c) motion and thereby convert it into a Rule 56 motion, particularly when the same issue is apparently already addressed in the pending summary-judgment motion. I deny Rule 12(c) judgment on this issue without prejudice to any concessions the plaintiffs may have made or any arguments the defendants may have offered in their summary-judgment briefs.

---

³³ *Id.* (quoting *Nicholson v. UTi Worldwide, Inc.*, No. 309CV722JPG-DGW, 2010 WL 551551, at *15 (S.D. Ill. Feb. 12, 2010).

³⁴ *Nicholson v. UTi Worldwide, Inc.*, No. 309CV722JPG-DGW, 2010 WL 551551, at *5 (S.D. Ill. Feb. 12, 2010) (citing *Ladegaard v. Hard Rock Concrete Cutters, Inc.*, No. 00 C 5755, 2004 WL 1882449, *5 (N.D. Ill. Aug.17, 2004)).

³⁵ *Id.*

³⁶ Doc. 126 at 25.

³⁷ Doc. 167 at 15.

³⁸ *Id.* (citing Doc. 162 at 2).

### 4. *Plaintiffs' fifth claim under the Maryland Wage Payment and Collection Law*

The defense also seeks judgment on the plaintiffs' fifth claim, which is based on the Maryland Wage Payment and Collection Law. They quote a District of Maryland decision for the proposition that "[t]he MWPCL does not specifically address payment of overtime wages or provide a cause of action directed at employer's failure to pay overtime."[39] The plaintiffs seek to avail themselves of the MWPCL provision that permits up to treble wage recovery when an employer fails to pay wages as required by the MWPCL.[40] I recognize that MWPCL actions must challenge payment timing or mechanisms; they do not "establish entitlement to payment."[41] But these plaintiffs do challenge whether the Outback defendants paid overtime on a regular basis.[42] The second amended complaint alleges, for example, that Outback willfully failed to maintain accurate wage and overtime records and that employees were unable to clock in during mandatory staff meetings.[43] I find that the plaintiffs have sufficiently stated an MWPCL claim at this time.

### B. Defendants' Motion for Reconsideration

The defendants ask me, alternatively, to reconsider whether the plaintiffs identify a specific workweek and provide sufficient detail about that workweek under the new *Landers* standard. Motions for reconsideration are not expressly authorized in the Federal Rules of Civil Procedure, but district courts may grant them under Rule 59(e).[44] Reconsideration is only warranted when: (1) the movant presents newly discovered evidence, (2) the district court committed clear error or the initial

---

[39] *Butler v. DirectSat USA, LLC*, 800 F. Supp. 2d 662, 670 (D. Md. 2011) ("For these actions, plaintiffs must look to the MWHL, Md.Code Ann., Lab. & Empl. §§ 3–415 and 3–420.").

[40] *See* Doc. 182 at 11.

[41] *Butler*, 800 F. Supp. 2d at 669 (citing *McLaughlin v. Murphy*, 372 F. Supp. 2d 465, 474–75 (D. Md. 2004)).

[42] *See, e.g.*, Doc. 167 at 13–14.

[43] *See id*.

[44] *See Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1262–63 (9th Cir. 1999).

ruling was manifestly unjust, or (3) there is an intervening change in controlling law.[45] Although reconsideration may also be warranted under other highly unusual circumstances, it is well recognized as an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."[46] This circuit disallows Rule 59(e) motions that are used to raise arguments or present evidence that a party could have reasonably raised earlier in the litigation—or already did.[47]

I find no new evidence, clear error, manifest injustice, or intervening change in law that would warrant changing the outcome that the defendants now challenge. Although the *Landers* case is new, it directly adopts the *Lundy* standard, which I already applied.[48] I thus deny the defendants' motion for reconsideration.[49]

### C. Defendants' Motion to Decertify

The defendants' omnibus motion also includes a request to decertify the potential class based on the alleged failure of plaintiffs' claims to satisfy *Landers*.[50] Because I reject the premise of this argument, I also deny the request to decertify the class.

### D. Defendants' Motion to Supplement

The defense also filed a request to supplement the instant motion to: (1) notify me that the *Landers* opinion has been amended and (2) provide a stack of plaintiffs' responses to discovery requests.[51] To the extent that the defense apprises me of the revision to the *Landers* opinion, I grant

---

[45] *Id.* (citing *All Haw. Tours, Corp. v. Polynesian Cultural Ctr.*, 116 F.R.D. 645, 648 (D. Haw. 1987)).

[46] *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2007) (quoting 12 James Wm. Moore et al., *Moore's Federal Practice* § 59.30[4] (3d ed. 2000)).

[47] *Id.* (citing *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

[48] *See* Doc. 123 at 10–11 (discussing the *Lundy* standard and finding that plaintiffs satisfied it).

[49] Doc. 167 at 3 n.2; Doc. 167 at 14 n.8. On these state claims, the defendants expressly base their request for reconsideration on *Landers*, calling it "the very type of intervening change in controlling law that warrants reconsideration." *Id.* at 14 n.8 (internal quotation marks omitted).

[50] Doc. 167 at 16–19.

[51] Doc. 187 at 2–3.

8

the supplementation request; it is denied in all other respects because I exercise my discretion not to consider matters outside the pleadings and convert this into a summary-judgment motion.

## II. The Stay is Lifted

When I granted defendants' request for a stay of the class-notice procedures pending my full consideration of their omnibus motion, I "strongly cautioned" defendants "that they should continue preparing the class-member-contact information, which they should have nearly ready now. If and/or when the court lifts this stay, the defendants will have just one week to provide plaintiffs' counsel with the contact information." As I have now resolved these *Landers*-based issues, I also lift the stay. My order granting conditional certification and approving conditional class notice[52] is back in full effect, albeit on a new timeline. Defendants have one week from today to provide plaintiffs' counsel with the contact information.

## Conclusion

Accordingly,

It is hereby ORDERED that the defendants' motions for judgment on the pleadings, reconsideration, and decertification **[Docs. 167, 169] are DENIED**;

It is further ORDERED that the defendants' motion to supplement **[Doc. 187] is GRANTED in part and DENIED in part** as stated in this order.

It is further ORDERED that the temporary stay entered on December 19, 2014, is **LIFTED**.

It is further ORDERED that **the February 9, 2015, motion hearing in this case is VACATED**.

DATED February 5, 2015.

_____
Jennifer A. Dorsey
United States District Judge

---

[52] Doc. 151.