UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BROOKE CARDOZA, et al., ) | Case No. 2:13-cv-01820-JAD-NJK |
| Plaintiff(s), ) | |
| ) | ORDER DENYING MOTION TO COMPEL |
| vs. ) | |
| BLOOMIN' BRANDS, INC., et al., ) | (Docket No. 195) |
| Defendant(s). ) | |

Pending before the Court is Plaintiffs' Motion to Compel. Docket No. 195. Defendants filed a response in opposition and Plaintiffs filed a reply. Docket No. 198, 207. The Court finds the motion to have a threshold defect that requires that it be **DENIED** without prejudice as discussed more fully below.

The Court's initial inquiry regarding a motion to compel is whether the movant made adequate meet and confer efforts. Federal Rule of Civil Procedure 37(a)(2)(B) requires that a "party bringing a motion to compel discovery must include with the motion a certification that the movant has in good faith conferred or attempted to confer with the nonresponsive party." Similarly, Local Rule 26-7(b) provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have not been able to resolve the matter without Court action."

Judges in this District have previously held that "personal consultation" means the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss

each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996).  The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993).  To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." *Id*.  This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*.  To ensure that parties comply with these requirements, movants must file certifications that "accurately and *specifically* convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170 (emphasis added).  The Court may look beyond the certification made to determine whether a sufficient meet-and-confer actually took place.  *See, e.g.*, *F.D.I.C. v. 26 Flamingo, LLC*, 2013 WL 2558219, *1 (D. Nev. June 10, 2013) (quoting *De Leon v. CIT Small Business Lending Corp.*, 2013 WL 1907786 (D. Nev. May 7, 2013)).

       In this case, Plaintiffs' counsel provided a certification that a good faith meet-and-confer had been conducted.  *See, e.g.*, Docket No. 195 at 6-7.  As Defendants' opposition makes clear, however, the meet-and-confer process did not include meaningful discussion as to many of the specific discovery disputes now currently before the Court.  *See* Docket No. 198 at 9-11.  The Court finds that the generalized discussions during the meet-and-confer process are insufficient to meet the obligations above to engage in a meaningful discussion as to each discovery dispute with the same specificity and support during that process as they would in briefing a subsequent motion.

       Accordingly, the Motion to Compel is hereby **DENIED** without prejudice.

       IT IS SO ORDERED.

       DATED: April 6, 2015

                                                NANCY J. KOPPE
                                                United States Magistrate Judge