UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BROOKE CARDOZA, et al., | Case No. 2:13-cv-01820-JAD-NJK |
| Plaintiff(s), | ORDER |
| vs. | (Docket No. 238) |
| BLOOMIN' BRANDS, INC., et al., | |
| Defendant(s). | |

Pending before the Court is Defendants' motion to compel. Docket No. 238. Plaintiffs filed a response in opposition and Defendants filed a reply. Docket Nos. 255, 264. The Court finds the motion properly decided without oral argument. *See* Local Rule 78-2. For the reasons discussed more fully below, the motion to compel is hereby DENIED.

I. BACKGROUND AND ANALYSIS

This is a collective action and putative multi-state class action by Outback Steakhouse Restaurant employees who allege their employer failed to pay overtime and minimum wage to thousands of minimum-wage employees, violating the Fair Labor Standards Act (FLSA) and various state employment laws. Following efforts to resolve the matter without Court intervention, Defendants bring the pending motion to compel regarding two discovery disputes.[1] First, Defendants seek more detailed responses from Plaintiffs regarding various contention interrogatories. Second, Defendants seek detailed damages calculations from Plaintiff's initial disclosures. The Court addresses each dispute in turn.

---

[1] As an initial matter, the Court finds that Defendants satisfied their meet-and-confer obligations prior to filing their motion.

A. <u>Interrogatory Responses</u>

Defendants first contend that Plaintiffs did not sufficiently respond to contention interrogatories seeking all facts supporting their minimum wage claims for each week Plaintiffs contend they were paid less than minimum wage and all facts supporting their overtime claim for each week they contend they did not receive overtime pay. *See* Docket No. 238 at 5-7. Plaintiffs respond that they are unable to respond to these interrogatories based on Defendants' failure to timely provide related information within their control. *See* Docket No. 255 at 11-12.

Rule 33(a)(2) imbues the Court with "substantial discretion" in deciding when a contention interrogatory must be answered, and expressly provides that the Court may order that interrogatories need not be answered until discovery has been completed or at some later time. *See Campbell v. Facebook Inc.*, 2015 WL 3533221, *3 (N.D. Cal. June 3, 2015).[2] Courts generally look with disfavor to broad contention interrogatories served early during litigation. *See, e.g.*, *In re eBay Seller Antitrust Litig.*, 2008 WL 5212170, *2 (N.D. Cal. Dec. 11, 2008). Courts "tend to deny contention interrogatories filed before substantial discovery has taken place, but grant them if discovery is almost complete." *E.g.*, *Campbell*, 2015 WL 3533221, at *3.[3] Nonetheless, there is no outright prohibition on propounding contention interrogatories early on in the litigation. *See, e.g.*, *Cable & Computer Tech. v. Lockheed Saunders*, 175 F.R.D. 646, 652 (C.D. Cal. 1997).

In determining whether to require answers to early contention interrogatories, courts look to whether answers would contribute meaningfully to (1) clarifying the issues in the case; (2) narrowing the scope of the dispute; (3) setting up early settlement discussion; or (4) exposing a substantial basis for a motion under Rule 11 or Rule 56. *See, e.g.*, *Campbell*, 2015 WL 3533221, at *4. "Contention interrogatories are premature if a propounding party cannot present plausible grounds showing that early answers to contention questions will efficiently advance litigation, or if the [the answering party] does

---

[2] References to "Rules" refer to the Federal Rules of Civil Procedure.

[3] Of course, premature contention interrogatories that are otherwise proper must still be answered at some point. *eBay Seller*, 2008 WL 5212170, at *2.

not have adequate information to assert its position." *Facedouble, Inc. v. Face.com, Inc.*, 2014 WL 585868, *2 (S.D. Cal. Feb. 13, 2014).

Given the current stage of litigation and the discovery remaining, the Court agrees with Plaintiffs that further responses are not required at this time. The Court held the scheduling conference in this case on December 9, 2014. Docket No. 165. Defendants served the contention interrogatories on December 19, 2014. *See* Docket No. 239-1 at 4-5. Discovery related to class certification is not set to expire until September 9, 2015. *See* Docket No. 176 at 2. Plaintiffs have identified further discovery that they believe bears on their responses, and the Court finds that requiring additional responses now is premature in light of the status of the litigation and the ongoing discovery efforts.

### B. Initial Disclosures

Defendants next contend that the damages calculations provided by Plaintiffs as part of their initial disclosures are not sufficiently detailed and are not sufficiently tied to the facts as currently known. Docket No. 238 at 18-21. Plaintiffs respond that the initial disclosures are sufficient in light of the current stage of litigation, and will be supplemented as the case progresses. Docket No. 255 at 10-11. Plaintiffs have the more persuasive argument.

Rule 26(a)(1)(A) requires parties to provide initial disclosures to the opposing parties without awaiting a discovery request. The disclosures must include a computation of each category of damages claimed by the disclosing party. *See* Rule 26(a)(1). In the event that a party learns that its disclosures are incomplete or inaccurate, it has a duty to supplement them "in a timely manner." *See* Rule 26(e).

"Rule 26 does not elaborate on the level of specificity required in the initial damages computation." *Allstate Ins. Co. v. Nassiri*, 2011 WL 2977127, *4 (D. Nev. July 21, 2011). "A computation of damages may not need to be detailed early in the case before all relevant documents or evidence has been obtained by the plaintiff." *LT Game Int'l Ltd. v. Shuffle Master, Inc.*, 2013 WL 321659, *6 (D. Nev. Jan. 28, 2013). Nonetheless, the word "computation" contemplates some analysis beyond merely setting forth a lump sum amount for a claimed element of damages. *Allstate Ins*, 2011 WL 2977127, at *4. A plaintiff should disclose the basic method or formula by which it contends its damages should or will be calculated even if it cannot identify the specific dollar amount of damages pending further discovery. *Id.* "While a party may not have all of the information necessary to provide

3

a computation of damages early in the case, it has a duty to diligently obtain the necessary information and prepare and provide its damages computation within the discovery period." *Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 593 (D. Nev. 2011); *see also Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006) (damages calculation should be more detailed as the case progresses).

The Court finds an order compelling supplementation of Plaintiffs' initial disclosures unnecessary given the current stage of the case. The initial disclosures provide the basic method by which Plaintiffs contend damages will be calculated. They also reflect a rough estimate of the damages that will be sought. As the case progresses, the Court expects that the damages calculations will be supplemented to reflect additional information obtained. At this stage of the litigation, however, the Court finds the current initial disclosures sufficient to comply with Plaintiffs' Rule 26(a) obligations.

II. CONCLUSION

For the reasons discussed more fully above, Defendants' motion to compel is DENIED.

IT IS SO ORDERED.

DATED: June 22, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge