1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

BROOKE CARDOZA, et al.,                   )
                                          )          Case No. 2:13-cv-01820-JAD-NJK
                    Plaintiff(s),         )
                                          )          ORDER
vs.                                       )
                                          )
BLOOMIN' BRANDS, INC., et al.,            )
                                          )
                    Defendant(s).         )
                                          )

Pending before the Court are the parties' competing proposals for conducting opt-in discovery. Docket Nos. 331, 332. The Court has also received supplemental filings regarding issues related to Rule 23 class discovery. Docket Nos. 335, 337. The Court finds the matter properly decided without oral argument. *See* Local Rule 78-2. Having carefully considered the parties' positions, the legal authority cited, and the record, the Court hereby rules as follows:

• For written discovery, 10% of the opt-in plaintiffs shall be randomly selected, consisting of at least 30 individuals from Illinois, Maryland, New York, North Carolina, and Ohio, and five individuals from every other state where there are opt-in plaintiffs;[1]

• Defendants may serve up to 20 interrogatories, 10 requests for production, and 20 requests for admission on each randomly selected opt-in plaintiff;

---

[1] The Court finds this to be an appropriate limit on individualized discovery in light of the circumstances of this case. *See, e.g.*, *Cranney v. Carriage Servs.*, 2008 U.S. Dist. Lexis 113606, *15-16 (D. Nev. June 16, 2008); *see also* Fed. R. Civ. P. 26(b)(2)(C).

1    •     For depositions, Defendants may take up to 95 depositions consisting of depositions of opt-in plaintiffs who were chosen for written discovery, or any other plaintiff who submitted a declaration in support of conditional collective action certification, final collective action certification, or Rule 23 class certification.  The deponents will be of Defendants' choosing.  Each deposition shall be limited to four hours, excluding cross examination and redirect.

•     Plaintiffs may take one deposition for each deposition taken by Defendants of the opt-in plaintiffs.  Plaintiffs may take depositions of a store manager, the joint venture partner or regional venture partner for each opt-in plaintiff who has been deposed by Defendants.  Each deposition shall be limited to four hours, excluding cross examination and redirect.

•     The parties shall meet-and-confer on a mutually agreeable time and location for each deposition.

•     If an opt-in plaintiff fails to comply with a deadline for written discovery or appear at deposition, the parties shall meet and confer regarding the appropriate solution for moving forward.  If the parties cannot reach an agreement without court intervention, Defendants may seek appropriate relief at the appropriate time, including moving to strike any declaration submitted by that opt-in plaintiff.  The Court herein expresses no opinion as to the merits of such a motion.

IT IS SO ORDERED.

DATED:  August 18, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge