UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BROOKE CARDOZA, et al.,<br><br>              Plaintiff(s),<br><br>vs.<br><br>BLOOMIN' BRANDS, INC., et al.,<br><br>              Defendant(s). | Case No. 2:13-cv-01820-JAD-NJK<br><br>ORDER<br><br>(Docket No. 360, 386) |

       Pending before the Court is Defendants' motion to strike Plaintiffs' certification-related expert. Docket No. 360. Plaintiffs filed a response and Defendants filed a reply. Docket Nos. 385, 387. Also pending before the Court is Plaintiffs' counter-motion to extend time. Docket No. 386. The Court hereby **SETS** the motions for hearing at 10:00 a.m. on November 20, 2015, in Courtroom 3A.

       The Court will entertain argument on the motions in their entirety, except with respect to Plaintiffs' argument that a meet-and confer was required.[1] To ensure counsel is properly prepared for the hearing, the Court advises counsel that they should ensure they are prepared to discuss the following. After the motion to strike was filed, Plaintiffs served an expert disclosure on October 16, 2015. "It is well settled in this District that the late disclosure of an expert is sufficiently harmless such that

---

[1] This argument lacks merit. "A meet and confer is not required for a sanctions motion brought pursuant to Rule 37(c)." *Greene v. Alan Waxler Group Charter Servs., LLC*, 2014 WL 1089667, *2 n. 5 (D. Nev. Mar. 18, 2014) (collecting cases, including *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008)).

exclusion is not a proper remedy so long as the disclosure is made sufficiently before the discovery cutoff to enable the opposing party to depose the expert and challenge [his] expert report." *Prudential Ins. Co. of Am. v. Manuele*, 2015 U.S. Dist. Lexis 150531, *3 (D. Nev. Nov. 4, 2015); *see also Wells Fargo Bank, N.A. v. ANC Vista I, LLC*, 2015 WL 5286825, *1 (D. Nev. Sept. 10, 2015) (collecting cases). Counsel shall be prepared to explain whether any failure to timely disclose in this case was sufficiently harmless such that exclusion is not proper in light of the October 16, 2015 disclosure. Second, assuming a proper disclosure was not timely made and the October 16 disclosure renders that untimeliness sufficiently harmless, counsel should be prepared to discuss whether the Court should alternatively sanction Plaintiffs' counsel in (1) the reasonable expenses incurred in bringing the pending motion and (2) the reasonable expenses incurred in preparing an additional rebuttal report. *See, e.g.*, *Boliba v. Camping World, Inc.*, 2015 WL 3916775, *2 (D. Nev. June 24, 2015) (citing *Cruz v. Durbin*, 2014 WL 4182334, *3 (D. Nev. Aug. 21, 2014)).

    IT IS SO ORDERED.

    DATED: November 12, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge