# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Brooke Cardoza, et al.,

    Plaintiffs

v.

Bloomin' Brands, Inc., et al.,

    Defendants

Case No.: 2:13-cv-01820-JAD-NJK

**Order**

**[ECF 418, 422]**

    The parties have reached a settlement, and the hearing on the motion for preliminary approval of that settlement is scheduled for April 11, 2016. Plaintiffs' counsel is having difficulty obtaining the approval and signatures of two of the named plaintiffs—Jeffrey Brown and Kevin Connelly—so plaintiffs' counsel now moves to withdraw these named plaintiffs as class representatives and to dismiss their claims without prejudice. I deny the motion for several reasons.

    The first problem I find with this request is that counsel, who admit they are unable to communicate with these plaintiffs, seek to dismiss these plaintiffs' claims. This claimed inability to communicate implies that counsel have also not advised these plaintiffs about the legal effect of this course of action. Dismissal of these plaintiffs' claims seems too harsh a penalty for this lack of communication, particularly considering this is not a class action but rather a conditionally-certified FLSA opt-in collective-action case, and plaintiffs' counsel has not demonstrated that these plaintiffs have filed opt-in forms.

    Although plaintiffs' counsel offers two district-court cases that stand for the proposition that a named plaintiff's claims may be dismissed without prejudice, in both cases, it was the plaintiff, personally, who wanted out.[1] Neither case suggests that counsel should be permitted to dismiss the

---

[1] *See Fraley v. Facebook, Inc.*, 2012 WL 893152, at *2 (N.D. Cal. Mar. 13, 2012) ("Wang wishes to withdraw as class representative because his work requires him to travel frequently, making it difficult for him to fulfill certain litigation commitments. Fraley wishes to withdraw as class representative based on concerns regarding invasion of her privacy should she be subject to deposition."); *Opperman v. Path, Inc.*, 2015 WL 9311888, at *1 (N.D. Cal. Dec. 22, 2015) ("Plaintiffs' counsel informed Defendants that Sandiford intended to withdraw and voluntarily dismiss her claims.").

1

1  claims of named plaintiffs they represent simply because they have lost touch with these clients and
2  agreed in settlement to dismiss these named plaintiffs' claims if they failed to execute the settlement
3  agreement.
4      It seems to me that the more appropriate course of action under these circumstances is the
5  same as it would be for any case in which there has been a breakdown of the attorney-client
6  relationship: a motion to withdraw as counsel—with notice to these named plaintiffs as required by
7  Local Rule IA 10-6(b)—that demonstrates good cause.
8      Accordingly, Plaintiffs' Motion to Withdraw plaintiffs Jeffrey Brown and Kevin Connelley
9  as Named Plaintiffs/Class Representatives and for Dismissal Without Prejudice of their Claims
10 **[ECF 418] is DENIED.**  The March 24, 2016, 1:30 p.m. **hearing** on that motion [ECF 420] **is**
11 **VACATED**.  And the stipulation to continue that hearing **[ECF 422] is DENIED** as moot.
12     DATED March 17, 2016.

                                                  _____
                                                  Jennifer A. Dorsey
                                                  United States District Judge