# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BROOKE CARDOZA, *et al.*, all on behalf of themselves and all similarly-situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>BLOOMIN' BRANDS, INC., a Delaware Corporation; OSI RESTAURANT PARTNERS, LLC, a Florida Limited Liability Company; OUTBACK STEAKHOUSE OF FLORIDA, LLC, a Florida Limited Liability Company; OS RESTAURANT SERVICES, LLC, a Florida Limited Liability Company; and DOES 5 through 100, Inclusive,<br><br>Defendants. | CASE NO.: 2:13-cv-01820-JAD-NJK<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT** |

Plaintiffs' Motion for Preliminary Approval of FLSA Class Settlement ("Motion") came before this Court for hearing on April 11, 2016. No opposition was filed to Plaintiffs' Motion; Defendants' filed a Notice of Non-Opposition on March 9, 2016 (ECF No. 415). The Court having fully reviewed the Motion, the supporting Memorandum of Points and Authorities, the supporting Declaration of Don Springmeyer, Esq., the Stipulation of Settlement and Release, the proposed General Release, proposed Notice of Proposed Class Action Settlement, and proposed Class Action Claim Form, and in recognition of its duty to make a preliminary determination as to the reasonableness of any proposed class action settlement, and if preliminarily determined to be reasonable, to ensure proper notice is provided to all members of the Class in accordance with due process requirements, and to set a Final Fairness/Approval Hearing to consider the proposed settlement as to the good faith, fairness, adequacy and reasonableness of any proposed settlement, **HEREBY MAKES THE FOLLOWING FINDINGS AND ORDERS**:

1.     The Court conditionally finds that, for the purposes of approving this Settlement only, the proposed Settlement Class meets the requirements for certification as a collective action pursuant to 29 U.S.C. § 216(b) and as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure, in that:  (a) the proposed Settlement Class is ascertainable and so numerous that joinder of all members of the class is impracticable; (b) there are questions of law or fact common to the proposed Settlement Class, and there is a well-defined community of interest among members of the proposed Settlement Class with respect to the subject matter of the litigation; (c) the claims of the proposed Class Representatives are typical of the claims of the members of the proposed Settlement Class; (d) the proposed Class Representatives have and will fairly and adequately protect the interests of the proposed Settlement Class; (e) questions of law or fact common to members of the Settlement Class predominate over any questions affecting only individual class members; (f) a class action is superior to other available methods for an efficient adjudication of this controversy in the context of settlement; and (g) Class Counsel are qualified to serve as counsel for the proposed Class Representatives and proposed Settlement Class and will adequately protect their interests.

2.     If the Settlement does not become final for any reason, the fact that the Parties were willing to stipulate to certification of a class as part of the Settlement shall have no bearing on, and will not be admissible in connection with, the issue of whether a collective action or class in this action should be certified in a non-settlement context.  The Court's findings are solely for the purpose of conditionally certifying a Settlement Class.

3.     The Court now finds on a preliminary basis that the Stipulation of Settlement and Release, attached to the Declaration of Don Springmeyer, Esq. as Exhibit "1" (ECF Doc. 419-1), incorporated herein by this reference in full and made a part of this Order Granting Preliminary Approval of Class Settlement, appears to be within the range of reasonableness of a settlement that could ultimately be given final approval by this Court.

4. It further appears to the Court on a preliminary basis that: (a) the proposed Settlement Fund amount is fair and reasonable to the Settlement Class Members when balanced against the probable outcome of further litigation in relation to potential decertification of an FLSA collective action, certification of various state Rule 23 classes, liability issues, damages issues and potential appeals; (b) significant investigation, formal and informal discovery, research, and litigation have been conducted so that counsel for the Parties at this time are able to reasonably evaluate their respective positions; (c) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation; and (d) the proposed settlement has been reached as the result of intensive, serious and non-collusive negotiations between the Parties facilitated by an experienced wage and hour mediator.

5. Accordingly, good cause appearing, Plaintiffs' Motion for Preliminary Approval of FLSA Class Settlement is hereby GRANTED. As a part of preliminary approval, the Court hereby accepts and incorporates by reference the Stipulation of Settlement and Release. For purposes of this Settlement only, the Settlement Class includes:

    a. Named Plaintiffs, as defined in the Stipulation of Settlement and Release;

    b. Opt-in Plaintiffs and Late Opt-in Plaintiffs, as defined in the Stipulation of Settlement and Release;

    c. All hourly employees of Defendants employed at Outback Steakhouse restaurants located in Illinois from December 24, 2003, through April 11, 2016, as reflected by Defendants' records;

    d. All hourly employees of Defendants employed at Outback Steakhouse restaurants located in New York from December 24, 2007, through April 11, 2016, as reflected by Defendants' records;

    e. All hourly employees of Defendants employed at Outback Steakhouse restaurants located in Maryland from December 24, 2010, through April 11, 2016, as reflected by Defendants' records;

      f.      All hourly employees of Defendants employed at Outback Steakhouse restaurants located in either Ohio or North Carolina from December 24, 2011, through April 11, 2016, as reflected by Defendants' records;

      g.      All hourly employees of Defendants employed at Outback Steakhouse restaurants located in either Massachusetts or South Carolina from September 15, 2012, through April 11, 2016, as reflected by Defendants' records; and

      h.      All other hourly employees of Defendants at Outback Steakhouse restaurants in the United States, from April 11, 2013 to April 11, 2016, as reflected by Defendants' records.

6. The Court further finds that the proposed General Release, Notice of Proposed Class Action Settlement, and Class Action Claim Form attached to the Stipulation of Settlement and Release as Exhibits A, B, and C, respectively, fairly, plainly, and adequately advise Settlement Class Members of: (a) the pendency of the Class Action; (b) preliminary Court approval of the proposed Settlement; (c) the date of the Final Fairness/Approval Hearing; (d) the terms of the proposed Settlement and the benefits available to Settlement Class Members thereunder; (e) the right to make a claim for his or her proportional share of the settlement proceeds and the procedure and deadline for doing so; (f) the right to object to the settlement and procedure and deadline for doing so; (g) the right to request exclusion and procedure and deadline for doing so; and (h) the right to file documentation in support of or in opposition to, and to appear in connection with, said hearing. The Court further finds that the General Release, Notice of Proposed Class Action Settlement, and Class Action Claim Form comport with due process.

7. Accordingly, good cause appearing, the Court hereby APPROVES the proposed General Release, Notice of Proposed Class Action Settlement, and Class Action Claim Form, subject to certain necessary technical revisions to the Notice of Proposed Class

1  Action Settlement, as discussed in open court at the hearing on April 11, 2016. An updated
2  version of the Notice of Proposed Class Action Settlement is attached hereto as **Exhibit 1.**
3      8.    The Court finds that the Named Plaintiffs, with the exception of Jeffrey Brown
4  and Kevin Connelley, for whom the Court has granted Class Counsel's request to withdraw as
5  counsel, and their counsel will fairly and adequately represent the Settlement Class.
6      9.    Accordingly, good cause appearing, IT IS HEREBY ORDERED that:
7      a.    Plaintiffs Brooke Cardoza, Cody C. Hancock, Michael Yendes, Trevor Tullis, Denise Goodlin, Joseph Verrengia, Amy Womack, Valerie Gardner, Alex Nesbitt, Daniel Geiger, Rachel Talasko, Wesley Miles, Jennifer Arms, Donald Murphy, Robert Lassman, Nicholas Zimmerman, Marlon Blue, Anne Gearo, Dawn Miller, Megan Loveall, and Amanda Boharski be appointed as the Class Representatives.

    b.    The law firms of Wolf Rifkin Shapiro Shulman & Rabkin, LLP; Johnson Becker, PLLC; Sommers Schwartz, P.C.; and Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. be appointed Class Counsel for the Settlement Class.

    10.    The Court further finds that mailing to the last known address of Settlement Class Members as specifically described within the Stipulation of Settlement and Release, with measures taken for verification of an address set forth therein and ninety (90) days provided to Class Members to respond, constitutes an effective method of notifying Settlement Class Members of their rights with respect to the class action and the settlement.

    11.    Accordingly, IT IS FURTHER ORDERED that:

    a.    Rust Consulting be appointed the Claims Administrator to administer the settlement of this matter as more specifically set forth in the Stipulation of Settlement and Release;

    b.    On or before April 18, 2016, Class Counsel shall provide Defendants and the Claims Administrator with the following information for the Opt-In Plaintiffs and the Late Opt-In Plaintiffs in the form of an Excel spreadsheet or similar sortable electronic format: names (including any known changes to last or first names), mailing address as provided to Class Counsel by Defendants in February and April of 2015, last-known

mailing address, the filing number of the Consent to Join (if applicable), the date of filing of the Consent to Join (if applicable).

  c. On or before May 11, 2016, but subject to the Claims Administrator first providing adequate and contractual assurances with respect to confidentiality and data security, Defendants shall provide the Claims Administrator with the following information for the Settlement Class Members in the form of an Excel spreadsheet or similar sortable electronic format: names, last-known mailing addresses from Defendants' records, social security numbers, and hours worked during the Applicable Period(s) based upon Defendants' payroll records. Class Counsel and Named Plaintiffs will not be provided the contact information, social security numbers, or the hours worked information for any Settlement Class Members in connection with this settlement or Settlement Agreement. The data provided to the Claims Administrator will remain confidential and will not be disclosed to anyone, except as required to applicable tax authorities, pursuant to the express written consent of any of the Defendants, or by order of the Court.

  d. The Notice of Class Action Settlement, as approved by the Court, shall be sent by the Claims Administrator to the Settlement Class Members, by First Class Mail (in English) to those addresses provided, as soon as practicable but in any event within twenty-one (21) days after receipt of their contact information from Defendants. A Spanish version of the Notice of Class Action Settlement will be available to a Settlement Class Members upon request from the Settlement Class Member to the Claims Administrator. The Spanish version of the Notice of Class Action Settlement shall reflect the same content as the English version attached hereto and will be subject to the mutual approval of the Parties.

  e. In order to receive a Settlement Payment, Settlement Class Members who are not Named Plaintiffs, Opt-In Plaintiffs or Late Opt-In Plaintiffs, as defined in the Stipulation of Settlement and Release, must (1) not opt-out and (2) submit a complete and executed Claim Form to the Claims Administrator, which must be postmarked before the expiration of the Notice Period, which will be ninety days from the first mailing date

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

postmarked on the first Notice of Class Action Settlement mailed by the Claims Administrator. Opt-In Plaintiffs and Late Opt-In Plaintiffs will become Participating Settlement Class Members unless they opt out. All original Claim Forms shall be sent directly to the Claims Administrator at the address indicated on the Claim Form. To be valid, a Claim Form must be completed in full including, but not limited to, the portion requesting the last four digits of the Settlement Class Member's Social Security Number, and signed without any deletion or amendment of the release language and without any deletion or amendment of any other portion of the Claim Form. The Claims Administrator will notify any Settlement Class Member from whom it receives a Claim Form that is not timely and/or valid. Any disputes regarding the timeliness, validity, or effectiveness of a Claim Form shall be decided by the Claims Administrator consistent with the Settlement Agreement, with input from the Parties if appropriate. If a Settlement Class Member submits both a valid Claim Form and a request for exclusion, the Claims Administrator shall resolve the inconsistency by treating the conflicting submissions as a valid claim submission and will seek rescission from the Settlement Class Member of the request for exclusion. In the event that a Settlement Class Member submits both a defective Claim Form and a request for exclusion, the Claims Administrator will follow the same procedure that it would follow for defective Claim Forms and if the defective Claim Form is timely cured by the Settlement Class Member, the Claims Administrator shall treat the submission as a valid claim submission. The Claims Administrator will not disclose the identities of Settlement Class Members who submit timely and valid requests for exclusion to Class Counsel or to any other Settlement Class Member.

23
24
25
26
27
28

       f.     Within seven (7) days after the expiration of the Notice Period, the Claims Administrator shall, after making a copy, transmit all originals of the Consent to Join portion of the Claim Forms to Class Counsel. Class Counsel will file all Consents to Join received from the Claims Administrator, along with all Consents to Join received from the Late Opt-In Plaintiffs, with the Court ten (10) court days after receipt of the Consent to Join forms from the Claims Administrator. Should the Settlement Agreement not receive

final approval those consents will be deemed immediately cancelled *ab initio*, as if they were never executed or filed.

      g.    Settlement Class Members, except Named Plaintiffs and any person that has ever served as a named plaintiff in this Action, shall be entitled to "opt out" of the Settlement Class by submitting a request for exclusion to the Claims Administrator containing the information stated in the Notice of Class Action Settlement. To be valid, the request for exclusion must (1) include a clear statement of intention to be excluded from the settlement; (2) include the full name, address, telephone number, and last four digits of the Social Security Number of the Settlement Class Member requesting exclusion; (3) be signed by the Settlement Class Member; (4) be returned by U.S. Mail to the Claims Administrator at the specified address; and (5) must be postmarked no later than the last day of the Notice Period. The date of the postmark on the mailing envelope for any request for exclusion shall be the exclusive means used to determine whether the request for exclusion has been timely submitted.

      h.    Settlement Class Members who do not opt-out of the Settlement shall be entitled to object to the Settlement by filing a written, signed objection with the Court and serving the objection on counsel for the Parties. An objection must be signed and state the Settlement Class Member's name, current address and telephone number, the basis for the objection, and dates and location of alleged employment for Defendants as an hourly employee. The Notice of Objection must be signed by the Settlement Class Member. The objection must be filed with the Court and mailed, via First Class U.S. Mail, to counsel for the Parties and postmarked no later than the last day of the Notice Period. The postmark date of the filing and service of an objection shall be deemed the exclusive means for determining that the objection is timely. Such a Class Member may also be heard at the Final Approval Hearing if he or she has provided written notice of his or her intention to appear at the Final Approval Hearing, which notice is served on Counsel for the Parties. Any attorney who intends to represent a Settlement Class Member objecting to the Settlement must file a notice of appearance with the Court and serve counsel for

all Parties no later than the end of the Notice Period.  Any Settlement Class Member who fails to properly and timely serve an objection shall be foreclosed from objecting to the proposed Settlement, unless otherwise ordered by the Court.

12. IT IS FURTHER ORDERED that the Final Fairness/Approval Hearing shall be held before the undersigned on November 4, 2016 at 10:30 a.m., in Courtroom 6D of the United States District Court for the District of Nevada, 333 S. Las Vegas Blvd., Las Vegas, NV 89101, to consider the fairness, adequacy and reasonableness of the proposed Settlement preliminarily approved by this Order of Preliminary Approval, and to consider the requests for the Class Representatives' Service Awards, and for Class Counsel's attorneys' fees and costs payments.

13. IT IS FURTHER ORDERED that Plaintiffs' motion for final approval of class settlement shall be filed with this Court not later than October 10, 2016.

14. IT IS FURTHER ORDERED that Plaintiffs' motion for attorneys' fees must be filed at least fourteen days before the deadline for objecting to the settlement, in accordance with *In re Mercury Interactive Corp. Securities Litigation*, 618 F.3d 988 (9th Cir. 2010).

15. IT IS FURTHER ORDERED that if for any reason the Court does not execute and file an Order Granting Final Approval, the Stipulation of Settlement and Release and the proposed Settlement that is the subject of this Order, and all evidence and proceedings had in connection therewith, shall be without prejudice to the status quo ante rights of the Parties to the litigation, as more specifically set forth in the Stipulation of Settlement and Release, and this Order shall be rendered null and void and shall be vacated.

16. IT IS FURTHER ORDERED that pending further order of this Court, all proceedings in this matter except those contemplated herein and in the Stipulation of Settlement and Release are stayed.

/ / /

/ / /

The Court, on its own initiative or pursuant to stipulation or motion practice, may extend any of the deadlines set forth in this Order or adjourn or continue the Final Approval Hearing without further notice to the Class.

IT IS SO ORDERED.

Dated: April 19, 2016

_____
JENNIFER A. DORSEY
United States District Judge

# EXHIBIT 1

# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| BROOKE CARDOZA, *et al.*,<br><br>                   Plaintiffs,<br><br>      v.<br><br>BLOOMIN' BRANDS, INC., a Delaware Corporation; OSI RESTAURANT PARTNERS, LLC, a Florida Limited Liability Company; OUTBACK STEAKHOUSE OF FLORIDA, LLC, a Florida Limited Liability Company; OS RESTAURANT SERVICES, LLC, a Florida Limited Liability Company; and DOES 5 through 100, Inclusive,<br><br>                   Defendants. | CASE NO. 2:13-cv-01820-JAD-NJK<br><br>**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND FAIRNESS HEARING REGARDING LAWSUIT AGAINST DEFENDANTS BLOOMIN' BRANDS, INC., OSI RESTAURANT PARTNERS, LLC, OUTBACK STEAKHOUSE OF FLORIDA, LLC, AND OS RESTAURANT SERVICES, LLC** |

**THIS LEGAL NOTICE MAY AFFECT YOUR RIGHTS, PLEASE READ IT CAREFULLY.**

TO:    Plaintiffs;
Individuals who have previously filed a Consent to Sue in this lawsuit ("Opt-In Plaintiffs");
Individuals who have executed a Consent to Sue for this lawsuit received by Class Counsel ("Late Opt-In Plaintiffs"); and,
The following current and former hourly employees of Bloomin' Brands, Inc.; OSI Restaurant Partners, LLC; Outback Steakhouse of Florida, LLC; and OS Restaurant Services, LLC who are or were employed at an Outback Steakhouse restaurant in the following locations and time periods:

| | |
|---|---|
| Illinois | December 24, 2003-April 11, 2016 |
| New York | December 24, 2007-April 11, 2016 |
| Maryland | December 24, 2010-April 11, 2016 |
| Ohio/North Carolina | December 24, 2011-April 11, 2016 |
| Massachusetts/South Carolina | September 15, 2012-April 11, 2016 |
| Other States | April 11, 2013-April 11, 2016 |

The persons to whom this notice is addressed are "Settlement Class Members." For any Settlement Class Member who is a member of more than one of the groups above, the longest period applies to that individual for the time actually worked in the corresponding location.

If you are a Settlement Class Member and you worked any hours as an hourly employee during an Applicable Period (as defined in the Stipulation of Settlement) at a company-owned Outback Steakhouse restaurant, you are entitled to receive money from the Class Action Settlement described in this Notice. This Notice explains the terms of the proposed Settlement and sets forth the procedures for claiming your pro rata share of the Net Settlement Amount, or alternatively for objecting to or requesting exclusion from the Settlement.

**A.**    **BACKGROUND INFORMATION**

| | |
|---|---|
| **1.** | **Summary of the Lawsuit** |

Plaintiffs filed this lawsuit in the U.S. District Court for the District of Nevada on behalf of themselves all others similarly situated against defendants Bloomin' Brands, Inc.; OSI Restaurant Partners, LLC; Outback Steakhouse of Florida, LLC; and OS Restaurant Services, LLC (collectively, "Defendants") on October 4, 2013. Plaintiffs are current and former hourly employees of Defendants who allege that they were required to perform work off-the-clock and, therefore, were not paid minimum and/or overtime wages during all or part of their employment.

Plaintiffs allege they were made to arrive and work prior to the beginning of their work shift, but not allowed to clock in upon arrival; made to work after the end of their work shift and after clocking out; completed mandatory training sessions online without being paid for this time; worked promotional events and attended company or restaurant meetings without pay; and have not been paid premium overtime wages for working more than 40 hours in a given week.  Plaintiffs filed the lawsuit individually and on behalf of all other similarly-situated persons claiming that Defendants violated their rights under the FLSA. The lawsuit seeks back pay plus liquidated damages equal to the amount of unpaid minimum and/or overtime wages owed under the FLSA.

Defendants deny that they violated the FLSA and claim that hourly employees of Outback Steakhouse restaurants were paid properly under the FLSA's minimum-wage and overtime provisions and other applicable laws.

Class Counsel and Counsel for Defendants documented a settlement agreement that was preliminarily approved by Judge Jennifer Dorsey on April 11, 2016.  The Court has not ruled on the merits of Plaintiffs' Third Amended Complaint.

| 2. | **Why Did I Receive This Notice?** |
|---|---|

Based upon Plaintiffs' records of consents to sue filed in this Action as well as Defendants' business and employment records, which indicate you are or were employed at a non-franchise Outback Steakhouse restaurant in the United States as an hourly-paid, non-exempt employee at some time during the Applicable Period, as described above, you appear to be a Settlement Class Member.

| 3. | **Benefits to the Settlement Class** |
|---|---|

Plaintiffs and Defendants disagree as to whether there is any liability, including but not limited to: (1) whether this lawsuit is appropriate for treatment as a class or collective action; (2) whether the Settlement Class Members are owed any unpaid wages, compensation, reimbursement, or penalties; and (3) the amount of wages or penalties owed, if any.  Defendants have raised numerous defenses to Plaintiffs' claims and those defenses could significantly reduce or even eliminate any liability or damages owed to the Settlement Class Members.  Class Counsel has conducted an extensive investigation into the facts of the class action and the Plaintiffs and Settlement Class Members' claims, including through formal discovery, informal disclosures between the Parties, and other investigations undertaken by counsel for Plaintiffs.  Furthermore, the Parties engaged in extensive negotiations and exchange of data, documents, information and mediation with mediator Mark Rudy.  As a result, Class Counsel have concluded that the Settlement Agreement is fair, reasonable, and adequate and is in the best interest of the Settlement Class in light of all known facts and circumstances, including the likely damages, risk of significant delay, risk that the Action would not proceed on a collective or class action basis, defenses asserted by Defendants, and numerous potential appellate issues.  The Settlement ends the continued expense of further litigation, the risk and uncertainty of possible negative future outcomes and attendant delay.  The terms of the Settlement were reviewed by the Court and preliminarily approved as being fair and reasonable to the Settlement Class Members.  The Court has not ruled on the merits of Plaintiffs' Third Amended Complaint.

**B.    YOUR RIGHTS AND OPTIONS.**

| 1. | **How Do I Make a Claim to Get a Settlement Payment?** |
|---|---|

If you are an Opt-In Plaintiff or a Late Opt-In Plaintiff, then you do not need to take any further action to make a claim for a settlement payment.

If you have not previously filed a consent to join this lawsuit or did not execute a consent to join this lawsuit that was previously received by Class Counsel, to claim your pro rata share of the Settlement Fund, you must sign, date, and return the enclosed Claim Form to the Claims Administrator postmarked on or before [INSERT DATE], 2016 (*90 days after mailing*.)  You may return your Claim Form to the Claims Administrator at the following address: OUTBACK STEAKHOUSE/BLOOMIN' BRANDS, Claims Administrator, c/o Rust Consulting, Inc., 777 S. Figueroa Street, Suite 4600, Los Angeles, CA 90017.

| 2. | **Right to Object** |
|---|---|

Any Settlement Class Member who has not opted out may file a written objection with the Court regarding the final approval of the proposed settlement, including Class Counsel's motion for attorneys' fees and costs, by filing a copy of your objection and any supporting briefs or other materials with the Court and mailing, via First Class U.S. Mail, copies to the counsel below, and post marked no later than [INSERT DATE].

To Plaintiffs and the Settlement Class:

Don Springmeyer, Esq.
Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP
3556 East Russell Road, 2nd Floor
Las Vegas, Nevada 89120

To Defendants:

Jesse A. Cripps, Esq.
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA  90071

Your objection must include (1) the case name and case number shown on page 1; (2) be signed and state your name, current address and telephone number, (3) state the basis for the objection; and (4) the dates and location of your employment for Defendants as an hourly employee.  If you wish to speak to the Court about your objection at the Fairness Hearing, you must state clearly in your written objection that it is your intention to appear at the Fairness Hearing.  You may enter an appearance through your own attorney if you so desire.

| 3. | What if I Do Not Return a Claim Form? |
|---|---|

If you are not an Opt-In Plaintiff or Late Opt-In Plaintiff and you do not return a timely Claim Form, you will not receive any settlement payment.   Unless you exclude yourself from the Settlement as set forth below, you will be bound by the Released Claims as set forth in Section D below.

| 4. | Right to Opt Out |
|---|---|

All Settlement Class Members who have not opted to exclude themselves will be bound by the Settlement.  If you do not want to be a member of the Settlement Class and be barred by the terms of the Settlement, you may exclude yourself ("opt out") by sending written notice of your intent to opt out to:  OUTBACK STEAKHOUSE/BLOOMIN' BRANDS, Claims Administrator, c/o Rust Consulting, Inc., 777 S. Figueroa Street, Suite 4600, Los Angeles, CA 90017.

The request must (1) include a clear statement of your intention to be excluded from the settlement; (2) include your full name, address, telephone number, and last four digits of the Social Security Number; (3) be signed and dated; (4) be returned by U.S. Mail to the Claims Administrator at the specified address; and (5) must be postmarked no later than  [INSERT DATE].

 Requests for exclusion that are not timely submitted will be disregarded.   ***Any person who opts out will not be entitled to any portion of the Net Settlement Fund.  Do NOT return both a timely Claim Form and a request for exclusion.***   Should you do so, your request for exclusion will be deemed to be invalid and your Claim Form will be deemed validly submitted.

| C. | TERMS OF THE SETTLEMENT |
|---|---|

| 1. | The Proposed Settlement and Net Settlement Amount |
|---|---|

Without admitting any wrongdoing, Defendants have agreed to pay Three Million Dollars ($3,000,000.00) (the "Settlement Fund") to fully resolve the claims regarding liability and for Class Counsel's attorney's fees in this Class Action. Defendants have also agreed to pay, independent of the Settlement Fund, the administrative costs associated with providing notice to class members, various efforts to locate class members, administering payments of claims on behalf of the Settlement Class, and administering payments to Plaintiffs and Class Counsel.

The Net Settlement Amount may vary if the Court does not approve the requested amount for fees, litigation expenses, or class representative enhancement payments.  No portion of the Settlement Fund will revert to Defendants.

| 2. | Distributions from the Settlement Amount |
|---|---|

Subject to Court approval, distributions will be made from the Settlement Amount as follows:

**First**, Service Award payments of $5,000.00 to each of the named Plaintiffs who is no longer employed at or resigns his/her position with Defendants, or $2,500.00 to named Plaintiffs who continue employment with Defendants, in recognition of their efforts and risks taken in pursuing this lawsuit, and in exchange for a general release and other valuable consideration.

**Second**, Class Counsel will ask the Court to award at least $1,500,000.00 in attorneys' fees and up to $450,000.00 in costs. The Court will determine the actual amount awarded.

**Third**, payments to the appropriate tax authorities for Defendants' share of any and all payroll taxes owed in connection with payments made under this Settlement.

**Fourth**, the remaining amount (the "Net Settlement Fund") will be distributed to Settlement Class Members as described below who submit a timely and valid Claim Form and do not exclude themselves from the Settlement.

| 3. | **Calculation of Your Settlement Share** |
|---|---|

If you are an Opt-In Plaintiff, a Late Opt-In Plaintiff, or are a Settlement Class Member and you return the enclosed Claim Form signed, dated, and postmarked on or before [INSERT DATE], 2016, you become a "Participating Settlement Class Member," entitled to a settlement payment on the terms described below. Your settlement is calculated by adding (a) the Hours Claim Benefit; and (b) the Residual Claim Benefit (if any).

The "Hours Claim Benefit" is your pro rata share of the Net Settlement Fund based on (a) the number of hours recorded during the Applicable Period for the state or states in which you worked as an hourly non-exempt employee (the "Individual Settlement Class Member Hours"); (b) divided by the aggregate of all Settlement Class Member hours worked during the Applicable Periods as hourly non-exempt employees for Defendants. However, if you who worked at Outback Steakhouse locations in Illinois, the Applicable Period for calculating the Individual Settlement Claim Member Hours will be limited to the period from December 24, 2010, and ending on the date of the preliminary approval of the settlement. If you worked at Outback Steakhouse locations in Illinois during the period December 24, 2003, to December 23, 2010, and you are not otherwise entitled to an Hours Claim Benefit under Subsection (i) above, then you are entitled to an Hours Claim Benefit of five dollars ($5.00).

In the event that the aggregate Hours Claim Benefit claimed by the Participating Settlement Class Members is less than the Net Settlement Fund, the remainder will constitute the "Residual Claim Benefit Fund," which will be allocated to Class Counsel and Participating Settlement Class Members as follows:

> Up to 50% of the Residual Claim Benefit Fund will be distributed to Class Counsel as the "Class Counsel Residual Payment"; however, the Class Counsel Residual Payment will be capped so that the aggregate of the Court-approved attorneys' fees and the Class Counsel Residual Payment does not exceed Class Counsel's total reasonable attorneys' fees.

> The remainder of the Residual Claim Benefit Fund available (after any Class Counsel Residual Payment), which will be at least 50% of the Residual Claim Fund, will be distributed to Participating Settlement Class Members on a pro rata basis based upon (a) Individual Settlement Class Member Hours; (b) divided by the aggregate Hours Claim Benefit.

In the event that you did not record any hours worked in Defendants' payroll records during the Applicable Period(s) as an hourly non-exempt employee, you will not be entitled to receive any benefit from the Settlement Fund.

| 4. | **Tax Withholdings** |
|---|---|

1/3 of your settlement payment will be treated as wages that are subject to the normal payroll taxes, withholdings and W-2 reporting. The remaining 2/3 will be treated as interest and penalties that are <u>not</u> subject to payroll taxes and are subject to IRS Form 1099 reporting. You are solely and exclusively responsible for remitting to state and/or federal taxing authorities any applicable other taxes due and shall hold Released Parties, Class Counsel and the Claims Administrator harmless for any taxes, penalties, interest, liabilities, costs and expenses caused by any such taxing authority relating in any way to your tax treatment of payments made to them or failure to timely or properly pay any taxes owed on your settlement payments.

| 5. | **Attorneys' Fees and Costs** |
|---|---|

Class Counsel have not yet received any payment for the services that they have provided in this litigation on behalf of the Plaintiffs and the Settlement Class, nor have they been reimbursed for their out-of-pocket expenses incurred on behalf of the Settlement Class, which are expected not to exceed $450,000.00. Class Counsel will file a motion with the Court to approve payment of attorneys' fees to Class

Counsel in the amount of $1,500,000.00, plus 50% of any the "Residual Claim Benefit Fund," plus reimbursement of the litigation costs they advanced (up to $450,000.00), all of which would be paid to Class Counsel from the $3,000,000.00 Settlement Fund. The attorneys' fees must be approved by the Court. These fees will serve to compensate Class Counsel for their efforts achieving the settlement for the benefit of the Settlement Class and for the risk in undertaking this representation on a contingency basis. Class Counsel have already spent many hours litigating this case, conducting discovery, investigating Settlement Class Members' claims, and negotiating this Settlement. You can review Class Counsel's motion for attorneys' fees and costs, which will be filed with the Court by October 10, 2016.

### D.    RELEASE OF CLAIMS

In exchange for these payments, Plaintiffs and the Settlement Class agree to dismiss and release all claims that were asserted in this lawsuit against Defendants with prejudice, as well as all claims that could have been asserted in this lawsuit. This means that all members of the Settlement Class who do not opt out will be barred from seeking, among other things, any other relief on any and all claims under federal or state law pertaining to minimum wage, off-the-clock work, training, meetings, charity events, overtime, hours of work, wage statements, record-keeping requirements, tip credits, lactation accommodation, unpaid expense reimbursements, deductions, or payment of wages, and including without limitation all state and local claims that were asserted or could have been asserted in the Lawsuit based on the allegations in the pleadings regarding events that occurred or are alleged to have occurred from the beginning of time until the entry of the Final Approval Order, and will be bound by this release, even if they take no action in response to this Notice. (You may read a fuller description of the types of claims being release in the Claim Form and in the parties' Stipulation of Settlement and Release, as noted below.)

### E.    FINAL SETTLEMENT APPROVAL HEARING

The Court will hold a hearing in the United States District Court for the District of Nevada, 333 S. Las Vegas Blvd., Las Vegas, NV 89101, on November 4, 2016 at 10:30 a.m. to decide whether to finally approve the Settlement as fair, reasonable, and adequate. At that time, the Court also will be asked to approve Class Counsel's request for attorneys' fees and reimbursement of litigation costs, and the Service Awards for the Plaintiffs. If you wish to appear at the hearing you must file and mail your written comments pursuant to the procedure described above, no later than [INSERT DATE]. It is possible that the hearing date or time will be changed, so you should check the Court's calendar before attending, if you plan to attend. If you mail written comments, it is not necessary for you to appear at this hearing.

The pleadings and other documents in this lawsuit may be examined during regular business hours at the Office of the Clerk, 333 S. Las Vegas Blvd., Las Vegas, NV 89101. Certain pleadings—including the Stipulation of Settlement Release, which sets forth the full terms of the Settlement, and Class Counsel's motion for attorneys' fees and costs, may also be examined by visiting the Claims Administrator's website at [INSERT].

This notice has been reviewed and approved by the United States District Court for the District of Nevada. If you have any questions regarding this lawsuit, how it affects your rights, or how to file a claim, please contact OUTBACK STEAKHOUSE/BLOOMIN' BRANDS, Claims Administrator, c/o Rust Consulting, Inc., 777 S. Figueroa Street, Suite 4600, Los Angeles, CA 90017 or Class counsel:

| | |
|---|---|
| Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP<br>3556 East Russell Road, 2nd Floor<br>Las Vegas, Nevada 89120<br>Phone: (702) 341-5200<br>Fax: (702) 341-5300<br>Email: outbacklawsuit@wrslawyers.com<br>http://www.wrslawyers.com/ | Sommers Schwartz, P.C.<br>2000 Town Center, Suite 900<br>Southfield, Michigan 48075<br>Phone: (800) 783-0989<br>http://www.sommerspc.com/ |
| Johnson Becker, PLLC<br>33 South Sixth Street, Suite 4530<br>Minneapolis, Minnesota 55402<br>Phone: (800) 279-6386<br>Fax: (612) 436-1801<br>http://www.johnsonbecker.com/ | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A.<br>316 South Baylen Street, Suite 600<br>Pensacola, Florida 32502<br>Phone: (850) 435-7000<br>Fax: (850) 435-7020<br>http://www.levinlaw.com |