**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

BROOKE CARDOZA, *et al.*, all on behalf of themselves and all similarly-situated individuals,

Plaintiffs,

vs.

BLOOMIN' BRANDS, INC., a Delaware Corporation; OSI RESTAURANT PARTNERS, LLC, a Florida Limited Liability Company; OUTBACK STEAKHOUSE OF FLORIDA, LLC, a Florida Limited Liability Company; OS RESTAURANT SERVICES, LLC, a Florida Limited Liability Company; and DOES 5 through 100, Inclusive,

Defendants.

CASE NO.: 2:13-cv-01820-JAD-NJK

**ORDER GRANTING FINAL APPROVAL OF FLSA CLASS SETTLEMENT AND CLASS COUNSEL'S MOTION FOR ATTORNEY'S FEES AND COSTS**

ECF Nos. 435, 449

Plaintiffs brought Fair Labor Standards Act ("FLSA") claims for alleged minimum-wage and overtime violations on behalf of themselves and similarly situated employees at corporate-owned (non-franchised) Outback Steakhouse restaurants in the United States. I conditionally certified this case as a collective action under the FLSA in October 2014, ECF No. 151, and the parties reached a settlement last November as a result of a private mediation. ECF No. 406. I preliminarily approved the class settlement and directed the parties to send out class notice in April of this year, ECF No. 430, the notices were sent, and the Motion for Final Approval of FLSA Class Settlement, ECF No. 449, was heard on November 4, 2016, along with the plaintiffs' Motion for Attorney's Fees and Costs. ECF No. 435. No opposition to the Final Approval Motion was filed or voiced, and defendants filed a response to counsel's fee motion only to clarify some points. ECF No. 439.

Having fully reviewed the Final Approval Motion, the supporting Memorandum of Points and Authorities, and the supporting declarations, the Motion for Attorney Fees, and the

Response to that motion, I **HEREBY MAKE THE FOLLOWING FINDINGS, CONCLUSIONS, AND ORDERS**:

1. This Order Granting Final Approval of FLSA Class Settlement and Class Counsel's Motion for Attorney's Fees and Costs ("Final Approval Order") incorporates the Stipulation of Settlement and Release filed in this action on February 26, 2016 ("Settlement"). ECF No. 413-2.

2. Consistent with the definitions provided in the Stipulation of Settlement and Release, and except as provided herein, the Settlement Class includes:

    a. Named Plaintiffs, as defined in the Stipulation of Settlement and Release;

    b. Opt-In Plaintiffs and Late Opt-In Plaintiffs, as defined in the Stipulation of Settlement and Release;

    c. All hourly employees of Defendants employed at Outback Steakhouse restaurants located in Illinois from December 24, 2003, through April 11, 2016, as reflected by Defendants' records;

    d. All hourly employees of Defendants employed at Outback Steakhouse restaurants located in New York from December 24, 2007, through April 11, 2016, as reflected by Defendants' records;

    e. All hourly employees of Defendants employed at Outback Steakhouse restaurants located in Maryland from December 24, 2010, through April 11, 2016, as reflected by Defendants' records;

    f. All hourly employees of Defendants employed at Outback Steakhouse restaurants located in Ohio or North Carolina from December 24, 2011, through April 11, 2016, as reflected by Defendants' records;

    g. All hourly employees of Defendants employed at Outback Steakhouse restaurants located in Massachusetts or South Carolina from September 15, 2012, through April 11, 2016, as reflected by Defendants' records; and

    h. All other hourly employees of Defendants at Outback Steakhouse restaurants in the United States, from April 11, 2013, through April 11, 2016, as reflected by Defendants' records.

3. Adequate notice has been disseminated and all potential Settlement Class members have been given an opportunity to opt out of this lawsuit. Accordingly, this court has jurisdiction over the subject matter of this proceeding and over all parties to this proceeding, including all Settlement Class members, and personal jurisdiction over the Settlement Class for the Settlement.

4. Distribution of the Class Notice to the Settlement Class, as set forth in the Stipulation of Settlement and Release, has been completed in conformity with the Preliminary Approval Order, including individual notice to all Settlement Class members who could be identified through reasonable efforts, and the best notice practicable under the circumstances. The Class Notice provided due and adequate notice of the proceedings and of the matters set forth in the Preliminary Approval Order, including the proposed Settlement and, therefore, fully satisfied the requirements of all applicable federal and state laws and the United States Constitution. The Class Notice also provided due and adequate notice to Settlement Class members of their right to exclude themselves from the Settlement, as well as their right to object to any aspect of the proposed Settlement.

5. No Settlement Class member (and more broadly, no one at all) filed an objection to the proposed Settlement, and no Settlement Class member appeared at the noticed Final Approval Hearing to object to the Settlement. Twenty-six Settlement Class members properly and timely submitted requests to be excluded from the Settlement. The Settlement Class therefore does not include those 26 individuals who properly and timely excluded themselves from the Settlement.

6. The proposed Settlement Class meets the requirements for final certification as a collective action under 29 U.S.C. § 216(b) and as a class under Rule 23 of the Federal Rules of Civil Procedure, for the purposes of settlement only, because: (a) the proposed Settlement Class is ascertainable and so numerous that joinder of all members of the class is impracticable; (b) there are questions of law or fact common to the proposed Settlement Class, and there is a well-defined community of interest among members of the proposed Settlement Class with respect to the subject matter of the litigation; (c) the claims of the

proposed Class Representatives are typical of the claims of the members of the proposed Settlement Class; (d) the proposed Class Representatives have and will fairly and adequately protect the interests of the proposed Settlement Class; (e) questions of law or fact common to members of the Settlement Class predominate over any questions affecting only individual class members; (f) a class action is superior to other available methods for an efficient adjudication of this controversy in the context of settlement; and (g) Class Counsel are qualified to serve as counsel for the proposed Class Representatives and proposed Settlement Class and will adequately protect their interests.

7. I conclude that the Settlement is fair, reasonable, and adequate to the class: (a) the proposed Settlement Fund amount of $3,000,000.00 is fair and reasonable to the Settlement Class Members when balanced against the probable outcome of further litigation in relation to potential decertification of an FLSA collective action, certification of various state Rule 23 classes, liability issues, damages issues and potential appeals; (b) significant investigation, formal and informal discovery, research, and litigation have been conducted such that counsel for the parties at this time are able to reasonably evaluate their respective positions; (c) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation; (d) the proposed settlement has been reached as the result of intensive, serious and non-collusive negotiations between the parties facilitated by an experienced wage-and-hour mediator; and (e) no one has objected to the Settlement.

8. Accordingly, good cause appearing, **Plaintiffs' Motion for Final Approval of FLSA Class Settlement [ECF No. 449] is hereby GRANTED, the Settlement Class is hereby certified as a class for settlement purposes only, and the class Settlement (as reflected in the Stipulation of Settlement and Release) is deemed to be in good faith, fair, reasonable, and adequate.**

9. I confirm the appointment of the law firms of Wolf Rifkin Shapiro Shulman & Rabkin, LLP; Johnson Becker, PLLC; Sommers Schwartz, P.C.; and Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. as Class Counsel for the Settlement Class, and find that

Class Counsel has adequately represented the Settlement Class for purposes of entering into and implementing the Settlement. In their Fee Motion, as supplemented, Class Counsel requests an award of attorney's fees in the aggregate sum of $1,890,710.54 and costs and expenses in the aggregate sum of $449,873.35, in accordance with the express terms of the Stipulation of Settlement and Release permitting plaintiffs to apply for an award of attorney's fees and costs.

    a. In FLSA matters, an award of attorney's fees is mandatory. 29 U.S.C. § 216(b). Attorney's fee awards in FLSA cases are not limited to a percentage of the recovery, as such a limitation would unduly discourage attorneys from bringing matters to vindicate statutory rights under the FLSA. *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1033 (9th Cir. 2012). Rather, courts must use the "lodestar method" to assess attorney's fees in FLSA suits. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973 (9th Cir. 2008); *Tallman v. CPS Sec. (USA), Inc.*, 23 F. Supp. 3d 1249, 1267 (D. Nev. 2014) (*aff'd*. 2016 U.S. App. LEXIS 13521 (9th Cir. July 25, 2016)).

    b. Under the lodestar method, the court must make a two-part determination as to the reasonableness of fee awards: 1) whether the number of hours expended on the litigation was reasonable; and 2) what is the reasonable hourly rate. *Gonzalez v. City of Maywood*, 729 F.3d 1196 (9th Cir. 2013); *Tallman* at 1249.

    c. In this federal district, motions for attorney's fees must also contain the information required under LR 54-14(b), including a "reasonable itemization and description of the work performed," "[a]n itemization of all costs," and a brief summary regarding the case and the basis for seeking an award of attorney's fees.

    d. Class Counsel have provided the court with declarations from each of the firms representing plaintiffs in this matter, with detailed billing records supporting their fee request, in compliance with LR 54-14(b). Class Counsel report in their Fee Motion that the attorney's fees incurred in this case exceeds $3.2

million. Class Counsel's fee request is thus well below the fees they have incurred in securing the Settlement in this matter.

e. Having reviewed the Fee Motion, as well as Class Counsel's supporting declarations and billing records, I find that: 1) Class Counsel's request falls well within the range of reasonableness; 2) the hourly rates charged by Class Counsel are reasonable for the jurisdictions in which they practice and the number of hours expended on the litigation by Class Counsel was also reasonable; and 3) the result achieved by Class Counsel for the Settlement Class justifies the fee award sought.

f. The payment of fees and costs to Class Counsel shall be made from the Settlement Fund in accordance with the terms of the Stipulation of Settlement and Release, except as set forth in paragraph h, below.

g. Based on the terms of the Settlement and the authorities, evidence, and argument set forth in Class Counsel's Fee Motion, **I hereby GRANT an award of attorney's fees to Class Counsel in the amount of $1,890,710.54 and costs and expenses to Class Counsel in the amount of $449,873.35 as final payment for and complete satisfaction of any and all attorney's fees and costs incurred by Plaintiffs, Settlement Class Members and/or owed to Class Counsel.**

h. At the Final Approval Hearing, Class Counsel indicated that they intend to have $48,094.24 of the attorney's fees they have been awarded herein be applied by the Claims Administrator to increase the awards of certain class members calculated to receive less than ten dollars to a floor award of ten dollars. In light of Class Counsel's offer and representation, I hereby ORDER the Claims Administrator to allocate the gifted sum of $48,094.24 from Class Counsel's award of attorney's fees so that all class members receive a settlement award of not less than ten dollars.

10. I also **approve and order payment of Service Awards to the Named Plaintiffs for their services as class representatives and as consideration for providing a release to Defendants in accordance with the Stipulation of Settlement and Release, in the total amount of $97,500.00.** Payments of $5,000.00 are to be made to each of the following Named Plaintiffs not currently employed by Defendants: Brooke Cardoza, Michael Yendes, Denise Goodlin, Joseph Verrengia, Amy Womack, Alex Nesbitt, Daniel Geiger, Rachel Talasko, Wesley Miles, Jennifer Arms, Donald Murphy, Robert Lassman, Nicholas Zimmerman, Amanda Boharski, Marlon Blue, Anne Gearo, Dawn Miller, and Megan Loveall. Payments of $2,500.00 are to be made to each of the following Named Plaintiffs currently employed by Defendants: Cody C. Hancock, Trevor Tullis, and Valerie Gardner. Payment of these Named Plaintiff Service Awards must be made from the Settlement Fund in accordance with the terms of the Stipulation of Settlement and Release.

**ORDER**

Based on the findings and conclusions above, IT IS HEREBY ORDERED that the Motion for Final Approval of FLSA Class Settlement **[ECF No. 449] is GRANTED**;

IT IS FURTHER ORDERED that Class Counsel's Unopposed Motion for Attorney's Fees and Costs **[ECF No. 435] is GRANTED**;

The Claims Administrator is hereby ORDERED to proceed with final calculation and distribution of the Individual Settlement Payments to Participating Settlement Class Members consistent with the Stipulation of Settlement and Release and this Final Approval Order, including Class Counsel's gifting of the sum of $48,094.24 from Class Counsel's award of attorney's fees;

IT IS FURTHER ORDERED that **THIS CASE IS DISMISSED WITH PREJUDICE**, and the Clerk of Court is directed to **CLOSE THIS CASE.**

Dated: November 15, 2016

_____
JENNIFER A. DORSEY
United States District Judge